M. & L. DIE & TOOL CO., INC. *vs.* BOARD OF REVIEW OF THE CITY OF NEWPORT.

NOVEMBER 10, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is a petition for certiorari to review the action of the board of review of the city of Newport denying petitioner's application for a change from one nonconforming use in a residential district to a different nonconforming use which petitioner alleged to be in the same zoning category.  After service of a citation to appear and show cause why the writ of certiorari should not issue, respondent made return of a certified copy of its records in accordance with general laws 1938, chapter 342, §8.

It appears therefrom that on February 19, 1949 petitioner filed an application with the inspector of buildings, an administrative officer of the city of Newport, for a permit "to use" a certain building located in that city at the intersection of Bedlow avenue and Malbone road and facing the northerly side of Bedlow avenue, "for research and development engineering, including the making of highly precision tools and dies, and rendering of a retail engineering service to manufacturers in the development and design of special small tools."  The building was described as constituting a nonconforming use and as being temporarily vacant at the time of the enactment of the zoning ordinance of Newport.  It was further described as of concrete construction, 35 by 70 feet in dimension, one story high, with concrete floors and a wooden roof, with a large sliding door in front 12 by 12 feet, a regular-sized door

in the rear, and containing approximately twenty windows.

The petition specifically called to the attention of the inspector of buildings chapter 78, section 10, of the zoning ordinance which reads as follows: "Any non-conforming use existing at the time of the passage of this ordinance may be continued, and any existing building designed, arranged, intended, or devoted to a non-conforming use may be structurally altered, provided that the cost of such structural alterations of such building shall in no case exceed fifty per cent of its assessed valuation `* * *`. Any building vacant at the time of the passage of this ordinance shall be classified according to its previous use, or use clearly indicated by the form of the building." Prior to the passage of such zoning ordinance, petitioner's building had been classified by the city officials as a garage.

On March 28, 1949 the petition was denied on the ground that the application for a permit to carry on the work described in the petition at the location therein requested did "not conform with Section 10 of the Zoning Ordinance of the City of Newport, R. I." Thereafter an appeal from such decision was taken by petitioner to the respondent board, which on May 12, 1949 denied the appeal "upon the ground that the requested commercial use is so different from the previous non-conforming uses that it would not be in conformity with the general purposes of the zoning law and would cause substantial injury to surrounding residential property to grant the same."

It is to be noted that petitioner's application expressly requested the inspector of buildings to "confirm its claim of right to use" the premises described in the petition, in the manner therein requested, "as an appropriate non-conforming use, by granting and issuing the permit" applied for. The petitioner clearly indicated that it was not seeking a permit to build or to alter an existing building or to secure an exception or variance under the zoning ordinance.

When the instant case first came before us the petitioner moved that briefs filed on behalf of certain remonstrants,

who had appeared at the hearing before the board of review and opposed the granting of the petition, be disregarded by this court and also that counsel for such remonstrants be held to be disqualified from appearing and arguing the merits of the petition. This motion was denied and such remonstrants were held to have such an interest in the instant proceedings that their counsel were permitted to file briefs in their behalf and to argue in opposition to this petition when it would be finally heard on the merits. *M. & L. Die & Tool Co.* v. *Board of Review,* 76 R. I. 417.

Thereafter briefs were filed for such remonstrants and at the hearing on the merits of the case counsel for Lewis G. Morris, one of those remonstrants, called our attention to the fact that at the hearing before the board they entered a special appearance in behalf of said Morris for the purpose of raising the question of the jurisdiction of the board; that to this end they there moved that the appeal to the board from the decision of the inspector of buildings be dismissed; and that this motion was denied.

Since the primary question of jurisdiction has been called to our attention by counsel for remonstrant Morris and is also apparent on the record, we are bound to consider it. We have previously held that the board of review has no original jurisdiction to act upon an application for a change from one nonconforming use in a residential district to a different nonconforming use which petitioners alleged to be in the same zoning category. *Garreau* v. *Board of Review,* 75 R. I. 44. We stated therein that petitioners had not appealed to the board from an adverse decision of an administrative officer. While the instant case is an appeal from an adverse decision of an administrative officer, we are of the opinion that such fact alone does not necessarily confer appellate jurisdiction upon the board of review. Such jurisdiction cannot be exercised unless the officer from whose decision the appeal was taken had the authority in law to entertain and act upon the particular application under consideration.

The authority of the inspector of buildings is confined generally to the granting or denying of permits to *build,* or to *alter* or *structurally change* existing buildings. We are not aware of any statutory authority on his part to grant permits to continue or to enlarge any "use" of a building as a nonconforming use or to "confirm" a right to a change from one nonconforming use in a residential district to a different nonconforming use in the same zoning category. Nor has counsel called to our attention any provision of any statute or zoning ordinance under which the inspector of buildings has the right to entertain and act upon such an application.

In our opinion the decision of the inspector of buildings, even though resulting in the denial of the application, was clearly an exercise of power in excess of his jurisdiction and a nullity in law. In these circumstances there was no proper decision for review and the motion to dismiss for lack of jurisdiction in the inspector of buildings should have been granted by the respondent board.

For these reasons and to correct the record, the petition for certiorari is granted, the decision of the respondent board is quashed, and the papers in the case which have been certified to this court are ordered sent back to the respondent board with direction to dismiss for lack of jurisdiction the appeal from the purported decision of the inspector of buildings.

*Dannin & Dannin, Max Levin,* for petitioner.

*Alexander G. Teitz,* city solicitor, for respondent.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for certain remonstrants.