298 A.2d 526.

WILLIAM T. YOUNG, INC. *et al. vs.* HARRY SIMPSON.

JANUARY 9, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action[1] was tried in the Superior Court *without a jury.* The plaintiffs are William T. Young, Inc. and William T. Young; the defendant is Harry Simpson. At the close of the plaintiffs' evidence, the defendant, without waiving the right to offer evidence in the event that his motion was denied, moved for a *directed verdict.* The motion was granted, and thereupon judgment was entered *dismissing* the action. The plaintiffs appeal.

Our recital of the travel of this case makes it obvious that there was some misunderstanding with respect to the nature of and the differences between the involuntary dismissal and directed verdict procedures contemplated by

---

[1] In the Superior Court this case was consolidated with the cases of' *Kirshenbaum* v. *Lamoureux* and *Lamoureux* v. *Simpson,* Kent County Superior Courts Nos. 70-237 and 69-203, respectively. Although the records in the three cases have been sent here, counsel have stipulated that the subject case is the only one involved in this appeal.

14

Super. R. Civ. P. 41(b)(2) and 50(a), respectively.[2] These matters are fully expounded in 1 Kent, *R. I. Civ. Prac.* §41.6 at 333-34 and §50.1 et seq. at 368-71.

In a *nonjury* case a defendant may, at the close of the plaintiff's case, move for an involuntary dismissal on the ground that upon the facts and the law the plaintiff has not established a right to relief. The trial justice may either determine the case on the record as it then stands or defer judgment until the close of all the evidence. In either event, he sits as trier of the facts. In that capacity he weighs and considers the evidence, passes upon the credibility of the witnesses, engages in the inferential process, and may dismiss the action even though in a jury case the state of the evidence would preclude a directed verdict. *Levy* v. *Industrial Nat'l Bank,* 106 R. I. 437, 260 A.2d 919 (1970); *Rowell* v. *Kaplan,* 103 R. I. 60, 72-73, 235 A.2d 91, 98 (1967).

A motion for a directed verdict is different. It is the procedure whereby, at the close of an opponent's evidence or at the close of all the evidence, either a plaintiff or a defendant, in a *jury* but *not in a nonjury* case, may request the trial justice to determine whether there is any legal evidence sufficient to create an issue of fact for the jury. In performing that function, the trial justice may not weigh the evidence or pass upon the credibility of the witnesses

---

[2]The misunderstanding is revealed in part by the colloquy between court and counsel at the time the motion in question was made.

"The Court:    All right. Anything else, then, for the plaintiffs?

"Mr. Surdut:    Plaintiffs rest, Your Honor.

"Mr. Murphy:    I [would] like to make a motion at this time, Your Honor, for a nonsuit or directed verdict in favor of the defendant on the basis of the — —

"The Court:    You better make up your mind whether you want a nonsuit or — —

"Mr. Murphy:    Well. I better ask for a directed verdict, Your Honor * * *."

for to do so would be to invade the jury's province and that is impermissible. His role, therefore, is limited to viewing the evidence and the inferences to which it is reasonably susceptible in the light most favorable to the party against whom the motion is made. *Maggi* v. *De Fusco,* 107 R. I. 278, 267 A.2d 424 (1970); *D'Agostino* v. *Yellow Cab Co.,* 105 R. I. 28, 249 A.2d 87 (1969); *Ferreira* v. *McGrath Truck Leasing Corp.,* 104 R. I. 642, 247 A.2d 842 (1968).

While it does not seem a difficult task to determine when either of these motions is appropriate and concomitantly what standard shall apply, the parties obviously found it otherwise. This became apparent when defendant, without objection from plaintiff or correction from the trial justice, tagged his motion in this nonjury case with the label "directed verdict." To resolve that anomalous situation in a manner consonant with the spirit of the Rules, we regard as important not the form of the motion or the name it carried, but its substance. Viewed in this light, defendant's "motion for a directed verdict," since it was made in a nonjury case, is treated as if it were a motion to dismiss under Rule 41(b). Correspondingly, we would, of course, consider a "motion to dismiss," if made in a jury case, as if it were a motion for a directed verdict under Rule 50(a). 9 Wright & Miller, *Federal Practice & Procedure* §2371 at 219-20 (1971); 5 Moore, *Federal Practice* ¶41.13[1] at 1148-49 (1971).

This brings us to plaintiffs' argument that it was error for the trial justice to weigh the evidence, and to draw inferences for defendants in the face of others, equally reasonable, which could have been drawn favorably to plaintiffs. We are unimpressed. To have so limited his role would have been wrong. This was a nonjury case. And even though defendant had misnamed his motion, it was nonetheless the trial justice's obligation to make factual determinations. He cannot now be faulted for having

16

done what, as a factfinder, he was supposed to do. If there be error, it cannot be on that ground; it must instead be that in finding the facts he either misconceived or overlooked material evidence or was clearly wrong. *Levy* v. *Industrial Nat'l Bank, supra* at 445-46, 260 A.2d at 924.

The plaintiffs do not make that claim, and ordinarily this failure would require rejection of their appeal. Here, however, a probable reason for that omission is the misunderstanding they share with defendant in respect to the two motions. In these peculiar circumstances fairness requires an opportunity for reargument in this court. The parties may then present their contentions concerning the propriety of the involuntary dismissal. Antecedently, however, the trial justice who heard the case should determine whether he intended the dismissal to be with or without prejudice. We are, of course, aware that the order he entered does not specify that it is "without prejudice," and that under Super. R. Civ. P. 41(b)(3) an order not containing such a specification operates as an adjudication upon the merits. Nonetheless, the confusion evidenced in this record leaves the trial justice's intentions in this respect unclear. He should, therefore, be afforded an opportunity, even at this late date, to make that judgment, *nunc pro tunc*, and the case will be remitted for that purpose. If he decides that the dismissal was without prejudice, then, of course, plaintiffs can start a second action on the same claim and reargument will be unnecessary. If, however, he determines that the dismissal was an adjudication on the merits, the plaintiffs may within 40 days thereafter file a new brief with the clerk of this court and the case will then proceed in the manner provided in our Rule 16 and all other rules thereunto appertaining.

The case is remitted to the Superior Court with direction that the trial justice who heard it be afforded an opportunity within 20 days thereafter to specify whether the dis-

missal was with or without prejudice. The case shall thereafter progress as provided herein.

*Raymond J. Surdut,* for plaintiffs.

*James F. Murphy,* for defendant.