**308 A.2d 834.**

EMERSON RADIO OF NEW ENGLAND, INC. *vs.* JOSEPH A. DeMAMBRO *et al.*

AUGUST 22, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

Doris, J. This civil action against the defendants Joseph A. and Marguerita T. DeMambro, hereinafter referred to as DeMambros, and their agent Mount Pleasant Oil Co., Inc., as codefendant, was brought in the Superior Court by the plaintiff, Emerson Radio of New England, Inc., to recover damages sustained as a result of the defendants' alleged negligence. The matter was submitted to a trial justice sitting without a jury. At the close of the plaintiff's evidence, the defendants moved for dismissal pursuant to Super. R. Civ. P. 41(b)(2),[1] on the ground that upon the facts and the law the plaintiff had not established a right to relief. The motion was granted, and thereupon judgment was entered dismissing the action with prejudice. The case is before us on the plaintiff's appeal from said judgment.

On April 11, 1968, plaintiff, Emerson Radio, as lessee and defendants, DeMambros, as lessors executed a lease relating to property located at 1287 Westminster Street in the city of Providence. The leased premises included a partitioned portion of the basement area, which was used by plaintiff, a wholesale distributor of radios, televisions and stereos, for the storage of surplus merchandise. The entire building, of which plaintiff leased less than

---

[1]Rule 41(b)(2) reads as follows:

"*On Motion of the Defendant.* On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in Rule 52(a)."

one half, was heated and cooled by a central unit located in the portion of the basement occupied by defendants. In the portion of the basement occupied by plaintiff there was a small sink located against the back wall adjacent to the partition which separated this section used by plaintiff from the remainder of the basement. This sink had a water faucet attached, together with pipes of various sizes which emptied into it. The plaintiff's store manager and primary witness testified that the only known use for the sink was as a drain for a pipe from the central air conditioning unit located in DeMambros' side of the basement. The defendants, DeMambros, were responsible for turning the heat on and off and also the air-conditioning unit.

On May 29, 1969, DeMambros contacted Mount Pleasant Oil Co. and instructed the latter to effectuate a seasonal conversion of the system from heat to air conditioning. The Mount Pleasant Oil Co., codefendant here, turned on the cooling system and within an hour a flood occurred in plaintiff's portion of the basement where the sink was located. When plaintiff's store manager, who discovered the flood, investigated, he found scrapings clogging the sink drain. He removed them and the sink began to drain. The plaintiff alleged that the damages resulting from the flood amount to $7,223.35 which included the expenses of salvage.

In passing on the motions to dismiss the trial justice complied with Super. R. Civ. P. 41(b)(2) and 52(a) by filing a written decision which contained specific findings of fact and conclusions of law. He found in effect that according to the terms of the aforementioned lease agreement entered into by the parties, the duty to repair and keep the drains and plumbing fixtures clear and open

was specifically apportioned to plaintiff, the lessee.[2] The trial justice determined that the flooding occurred as a result of the blockage of a drain in the sink in that part of the premises occupied by plaintiff, and since the duty to inspect and keep open said drain was upon plaintiff, the trial justice determined that plaintiff's failure to do so constituted negligence, which caused the injury suffered by plaintiff. The trial justice further found no duty on the part of defendant lessors to inspect, repair, or maintain the sink in question and that in the absence of such a duty there was no negligence on the part of DeMambros. Finally, the trial justice determined that there was no duty on the part of codefendant, Mount Pleasant Oil Co., to check the sink on plaintiff's premises after turning on the air-conditioning unit, and that failure to do so did not constitute negligence on its part.

Upon such findings, the trial justice granted the motions to dismiss, with prejudice. A judgment incorporating his decision was duly entered.

In support of its reasons of appeal, plaintiff made several contentions. First, it argued that the trial justice overlooked or misconceived relevant, material evidence

[2]In concluding that the duty to keep and repair the drain fixtures and pipes fell upon the lessee, the trial justice relied on language used in Paragraph II of the lease agreement of April 11, 1968.

Paragraph II reads in pertinent part as follows:

"II. The Lessee further covenants and agrees with the Lessor that, during this Lease and for such further time as the Lessee shall hold the demised premises or any part thereof, the Lessee (a) will keep the demised premises and all pipes, wires, glass, plumbing and other equipment and fixtures therein or used therewith repaired, whole and of the same kind, quality and description and in such good repair, order and condition as the same are at the beginning of, or may be put in during the term, reasonable wear and tear and damage by fire or unavoidable casualty only excepted * * *

(d) will, at the Lessee's expense keep the drains and plumbing fixtures clear and open * * *"

and thus was clearly wrong in his decision, in that he failed to take into consideration the fact that the Mount Pleasant Oil Co. representative neglected to check the flow of water from the air-conditioning system into the sink. It is plaintiff's contention that Mount Pleasant Oil Co. owed a duty of care to plaintiff, that it negligently breached this duty by failing to inspect the sink after turning on the system, and that the damage to plaintiff resulted from such negligence.

The plaintiff asserts, in effect, that the trial justice was required to view the evidence and the inference to which it is reasonably susceptible in the light most favorable to plaintiff. The plaintiff contends that if the evidence is viewed in such a manner it may reasonably be deduced that the turning on of the system catapulted scrapings into the sink which filled the drain, and that since, according to plaintiff, it may be reasonably presumed that rusty, unused copper pipes could produce flakings when subjected to re-usage seasonably, the proximate cause of the flooding was foreseeable.

The plaintiff contends that in ruling on an involuntary motion to dismiss made at the close of a plaintiff's case under the provisions of Super. R. Civ. P. 41(b)(2), the trial court must view all the evidence in the light most favorable to plaintiff and draw all inferences most favorable to him. This contention by plaintiff is incorrect. The plaintiff, it seems, has confused an involuntary motion to dismiss in a nonjury case with a motion for a directed verdict in a case where the jury has not been waived. There is a well-defined distinction between these two motions and the standards to be used by a trial justice in ruling upon each.

As this court pointed out in the recent case of *William T. Young, Inc.* v. *Simpson*, 111 R. I. 12, 298 A.2d 526 (1973), in ruling on a motion for a directed verdict in jury

cases the trial justice may not weigh the evidence or pass upon the credibility of the witnesses, for to do so would be an invasion of the jury's province. Therefore, he is limited to viewing the evidence and the inferences to which it is reasonably susceptible in the light most favorable to the party against whom the motion is made. *Maggi* v. *De Fusco*, 107 R. I. 278, 267 A.2d 424 (1970); *D'Agostino* v. *Yellow Cab Co.*, 105 R. I. 28, 249 A.2d 87 (1969).

In ruling on a motion for an involuntary dismissal in a jury-waived case, the trial justice may either determine the case on the record as it then stands or defer judgment until the close of all the evidence. He sits as trier of the facts as well as of law and consequently he weighs and considers the evidence, passes upon the credibility of the witnesses, and engages in the inferential process. If, from the evidence as it stands at the close of the plaintiff's case, the trial justice is convinced that it preponderates against the plaintiff, he is empowered under Rule 41(b)(2) to grant the motion to dismiss. *William T. Young, Inc.* v. *Simpson, supra; Levy* v. *Industrial National Bank*, 106 R. I. 437, 260 A.2d 919 (1970); *Rowell* v. *Kaplan*, 103 R. I. 60, 235 A.2d 91 (1967).

Furthermore, since under 41(b)(2) it is the trial justice's duty to weigh the evidence, determine the facts, and pass upon the credibility of the witnesses, this court's duty on review is clearly defined. We must determine whether the findings of the trial justice are supported by the evidence, or whether in making such findings he misconceived or overlooked any material evidence. It is also our duty to determine whether, having made supportable findings, he applied the correct rule of law. *Levy* v. *Industrial National Bank, supra.*

A review of the record and the written decision of the trial justice makes it clear that the findings of the trial justice are supported by the evidence presented in the

case. As evidenced by the testimony offered prior to the motion for dismissal, the relationship between the parties contemplated no duty on the part of codefendant, Mount Pleasant Oil Co., to check the flow of water in the sink. The trial justice acknowledged this lack of duty specifically and commented upon it. He did not overlook any evidence in this regard and his finding that no duty existed was reasonably supported by the facts.

The plaintiff next contends that the lease of April 11, 1968 was misapplied by the trial justice. In support of this contention plaintiff refers us to a typewritten rider[3] inserted at the end of the lease, which amends the lease to provide that the lessor is liable for damages to property of the lessee caused by the lessor or its agents. The plaintiff vigorously contends that the parties intended that the rider should prevail over the printed matter within, and it further contends that the wording of paragraph II(d), placing upon plaintiff, the duty to keep the drains clear was not intended to exempt defendant lessors from liability pursuant to the rider. We agree. However, we fail to see any error on the part of the trial justice in applying these provisions of the lease, since he specifically conceded in his decision that according to the terms of the rider, defendant lessors became liable for the negligence of themselves or their employees. However, he subsequently

---

[3]Paragraph V(b) of the lease reads as follows:

"V The Lessee further covenants and agrees with the Lessor that * * *

(b) the Lessor shall not be liable to the Lessee or to any other person for any injury, loss or damage to any person or property on or about the demised premises or the building of which the demised premises are a part or the approaches or sidewalks appurtenant or adjacent thereto or any elevators therein however caused * * *"

The rider amending paragraph V(b) reads:

"Paragraph No. V (b) shall be amended to provide that the Lessor and/or its employees shall be liable to the Lessee or to any other person for any injury, loss or damage to any person or property caused by the negligence of the Lessor and/or employees."

pointed out that, on the basis of the duties apportioned by the lease and the facts as they were asserted by plaintiff, there was no evidence of any breach of duty on the part of defendant lessors. The typewritten rider is unavailing to plaintiff's position, in the absence of negligence by defendant lessors or codefendant, Mount Pleasant Oil Co. We are in accord that, according to the terms of the lease, had defendants or their agent negligently breached a duty which resulted in damage to plaintiff, the former would be liable for said loss. But here we have a situation where there was a specific finding by the trial justice that neither defendants DeMambros nor their agent, the codefendant, breached any duty. As previously stated, unless it can be shown by plaintiff that the findings of the trial justice are unsupported by the evidence, or that in making such findings he overlooked or misconceived material evidence, or that he applied an incorrect rule of law, we will not disturb the trial justice's ruling. The plaintiff has failed to convince us that the trial justice misapplied the terms of the lease.

We now turn to the plaintiff's final contention. Accepting arguendo that the plaintiff lessee negligently breached its duty of care as defined in the lease agreement, and that this breach was enough to insulate the defendants, DeMambros, from any liability, the plaintiff argues nonetheless that codefendant, Mount Pleasant Oil Co., was not relieved from liability as the agent of the defendant lessors. In essence the plaintiff argues that codefendant, Mount Pleasant Oil Co., lacked privity of contract with the plaintiff and that if the plaintiff breached a duty, the duty was to the defendants, DeMambros, and not to codefendant, Mount Pleasant Oil Co. The latter, the plaintiff contends, acted without reliance upon the lease. Thus, it is further contended that the trial justice erred in granting the motion to dismiss propounded by the codefendant,

Mount Pleasant Oil Co. We hold this argument to be without merit.

For the reasons indicated, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remitted to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*Schreiber, Clingham & Gordon, Ira L. Schreiber,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, John W. Kershaw,* for defendants Joseph A. DeMambro and Marguerita T. De-Mambro; *Monti and Monti, Francis A. Monti and A. David Tammelleo,* for defendant Mount Pleasant Oil Co., Inc.