**TOWN OF CHARLESTOWN et al.**

v.

**Patricia E. BEATTIE.**

**No. 79–327–Appeal.**

Supreme Court of Rhode Island.

Nov. 13, 1980.

Reargument Denied Jan. 29, 1981.

John P. Toscano, Jr., Town Sol., Charlestown, Carty & Carty, Joseph B. Carty, Providence, for intervenors.

Longolucco, Lenihan & Orsinger, James J. Longolucco, Westerly, for defendant.

## OPINION

**WEISBERGER, Justice.**

This is an action for enforcement of the Zoning Ordinance of the Town of Charlestown brought by the town solicitor in accordance with G.L.1956 (1970 Reenactment) § 45–24–7. The complaint alleged that the defendant, a Charlestown landowner, had altered a dwelling house in an R–40 zone from a single family use to a multi–family use in violation of the zoning ordinance of the town. After the action had been brought by the town solicitor, a petition to intervene by abutting landowners, Timothy

R. and Margaret C. Splaine, was granted by a justice of the Superior Court. (Hereinafter the town and the intervenors may sometimes be referred to collectively as plaintiffs.) At the close of presentation of evidence by the town of Charlestown, the trial justice declined to allow the intervenors to present further testimony by recalling certain witnesses and entertained a motion to dismiss made by the defendant pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. After considering such motion, the trial justice in an abbreviated bench decision dismissed the action as to the town and the intervenors. Thereafter, both intervenors and the town moved for a new trial on the ground of newly discovered evidence. The motions were denied, and the parties plaintiff appealed from the judgment dismissing the action and also from the denial of the motions for new trial.

In the posture in which this case is presented, the only issue we shall address is the propriety of the dismissal of the action pursuant to Rule 41(b)(2), and we shall not reach the question raised in respect to the denial of the motions for new trial. We believe that the trial justice neglected to make requisite findings of fact and conclusions of law as mandated by Super.R.Civ.P. 52(a) when ruling on the Rule 41(b)(2) motion.

The standards to be followed by a justice of the Superior Court passing on such a motion have been recently stated in *Judd Realty, Inc. v. Tedesco*, R.I., 400 A.2d 952, 955 (1979).

"In ruling upon a motion for an involuntary dismissal in a jury–waived case, the trial justice sits as a trier of law and facts. The trial justice weighs and considers the evidence, passes upon the credibility of witnesses and engages in the inferential process. *Emerson Radio of New England, Inc. v. DeMambro*, 112 R.I. 300, 308 A.2d 834 (1973); *William T. Young, Inc. v. Simpson*, 111 R.I. 12, 298 A.2d 526 (1973). In short, the trial justice reviews the evidence no differently than he would in a nonjury case where both plaintiff and defendant have completed their cases. *Rowell v. Kaplan*, 103 R.I. 60, 235 A.2d 91 (1967). Thus, where the evidence at the close of plaintiff's case shows no right to relief, the trial justice is empowered under Super.R.Civ.P. 41(b)(2) to grant the motion to dismiss. *Fryzel v. Domestic Credit Corp.*, R.I., 385 A.2d 663 (1978).

"On appeal, our duty in reviewing whether the motion to dismiss was properly granted is to determine whether the trial justice's findings are supported by evidence or whether he misconceived or overlooked any material evidence in making those findings. We must also determine whether the trial justice applied the correct rules of law." [Citations omitted].

We earlier pointed out in *Rowell v. Kaplan*, 103 R.I. 60, 235 A.2d 91 (1967), that it was required by Rule 52(a) that " '[i]n all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon * * *.' " *Id.* at 69, 235 A.2d at 96. We further stated that "[w]e cannot be kept in the dark when we review, and noncompliance with the rule will entail the risk of reversal or remand unless the record will yield a full understanding and resolution of the controlling and essential factual and legal issues." *Id.* at 70, 235 A.2d at 97. Because the record in this case does not yield a full confrontation and resolution of the controlling and essential factual and legal issues, this case is unreviewable; therefore, we must remand it to the Superior Court for a new trial.

Mrs. Beattie purchased the real estate in question in November 1975. It was alleged by the town that when purchased, the structure was a one–family dwelling, a conforming use under the zoning ordinance of Charlestown. At some point after the purchase of the land and prior to the filing of the complaint, the dwelling underwent structural modifications. The town alleged that as a result of the construction the Beattie property was converted into a two–family dwelling in violation of the zoning

ordinance and without zoning board approval. The defendant's answer denied that the structure is a nonconforming two–family dwelling. A statement was made by counsel for defendant that the Beattie property was a duplex unit, which is an allowed use in that district. Finally, defendant asserted that she had obtained a building permit authorizing the change to her property.

The trial justice based the decision to dismiss plaintiffs' action upon two grounds. Holding that the intervenors in this action were the real parties in interest, the court denied them relief because they had been guilty of laches. In support of the decision as to the town, the trial justice also found that a building permit had been granted.

 The decision of the trial court is not dispositive of the fundamental issues raised in the action. The reliance of the trial court upon the laches, if any, of the intervenors in dismissing the case brought by the town is insupportable. General Laws 1956 (1970 Reenactment) § 45–24–7 gives standing exclusively to the town solicitor to bring actions for violations of the zoning ordinances. Although this court has permitted intervention in suits brought by a town to enjoin zoning violations,[1] *Town of Coventry v. Hickory Ridge Campground, Inc.*, 111 R.I. 716, 306 A.2d 824 (1973), we have never departed from the statutory dictate that only the town has standing to initiate the action. *Id.; Town of Lincoln v. Cournoyer*, 95 R.I. 280, 186 A.2d 728 (1962). Termination of the right of the intervenors to relief cannot supersede and cut off the town's right to maintain this action. It is the town that is the essential party to this lawsuit, not the intervenors. Thus the trial justice erred in basing dismissal as to the town upon the laches of the intervenors.

 The trial court also based dismissal upon a finding that a building permit had been granted. Assuming without deciding that there was sufficient evidence in support of that finding, issuance of a building permit, in the absence of additional facts creating an estoppel, is not dispositive of the town's case.[2] Repeatedly this court has held that a building inspector has no authority to issue a permit for a use not authorized by the zoning ordinance. *Zeilstra v. Barrington Zoning Board of Review*, R.I., 417 A.2d 303, 308 (1980); *Arc–Lan Co. v. Zoning Board of Review of North Providence*, 106 R.I. 474, 476, 261 A.2d 280, 282 (1970); *Ajootian v. Zoning Board of Review of Providence*, 85 R.I. 441, 445, 132 A.2d 836, 839 (1957); *M. & L. Die & Tool Co. v. Board of Review of Newport*, 77 R.I. 443, 447, 76 A.2d 537, 538 (1950). An act of the building inspector which is a nullity cannot vitiate the town's right to have zoning violations enjoined. It was error for the trial justice to rely solely upon the existence of a building permit in dismissing the town's case.

Illustrative of the fundamental issues upon which the court made no findings of fact are these. First, the threshold question of whether the structural alterations made by defendant were in violation of the zoning ordinance is not resolved. Second, the court did not determine whether the structural alterations actually accomplished by defendant were in accordance with or deviated from the terms of the application for the building permit, which the court held was issued.

In the light of our resolution in this case, we need not address issues raised by the plaintiffs concerning the adequacy of evidence supporting inferential holdings as to the laches of the intervenors, the issuance of a building permit by the town's enforcement officer, or the right of the intervenors to cross–examine and present witnesses.

---

1. The presence of the intervenors in this action was not challenged at the trial level nor in this court. Therefore, we decline to decide whether the intervention was proper under the narrow holding of *Town of Coventry v. Hickory Ridge Campground, Inc.*, 111 R.I. 716, 722, 306 A.2d 824, 828 (1973).

2. Illustrative of circumstances that might estop a municipality from challenging a use as violation of its zoning ordinance are those set forth in *Town of Glocester v. Olivo's Mobile Home Court, Inc.*, 111 R.I. 120, 300 A.2d 465 (1973). No findings of fact were made in the instant case from which an estoppel could be inferred.

The hiatuses in findings of fact and conclusions of law made by the trial court so pervade the record of this case that in its present posture it is not subject to meaningful review. Consequently, substantial justice to the parties requires that a new trial be ordered. The appeal of the plaintiffs is sustained, the judgment of the Superior Court is vacated, and the case is remanded to the Superior Court for a new trial.

DORIS, J., did not participate.