Irwin W. ANDERSON et al.

v.

TOWN OF EAST GREENWICH et al.

No. 82–80–Appeal.

Supreme Court of Rhode Island.

May 11, 1983.

Vivian Tseng, Providence, for plaintiffs.

James Marusak, Providence, for defendants.

## OPINION

MURRAY, Justice.

This is a Superior Court civil action in which the plaintiffs have appealed from a judgment granting the defendants' motion to dismiss their complaint pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure.[1]

The plaintiffs, Irwin and Joan Anderson, own a parcel of land situated in the town of East Greenwich. They filed a complaint in Superior Court on August 24, 1981, in which they requested an injunction prohibiting the town from widening and improving a roadway known as Bates Trail which abuts the Anderson property on its northern edge.[2] The plaintiffs also sought to quiet title to a section of the untraveled portion of Bates Trail which they claimed was part of their land. The court issued a temporary restraining order on August 28, 1981. On November 19 and 20, 1981, the trial court, sitting without a jury, accelerated the hearings on the preliminary and permanent injunctions and combined both in a trial on the merits.

The issue at trial was the precise location of the northern boundary line of the Ander-

---

1. Rule 41(b)(2) of the Superior Court Rules of Civil Procedure provides in pertinent part:

   "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in Rule 52(a)."

2. It is undisputed that the Anderson parcel is partially bounded on the north by Frenchtown Road, which is paved. This roadway continues into an unpaved portion called Bates Trail. It is uncontested that these roads may be considered the same highway and that together they form the northern boundary of the Andersons' property.

son property. The Andersons presented evidence that they purchased their property in 1966 from Raymond and Vieno K. Siiro by warranty deed. The description of the property in that deed included a boundary along the "southerly line of Frenchtown Road." The Siiro-Anderson deed described the northern boundary of the Anderson property, specifically making reference to certain stone walls, as follows:

"Beginning at a point in the southerly line of Frenchtown Road, said point being the northeasterly corner of the parcel herein described * * * said point also being marked by a stake set in the northerly face of a stone wall;

"Thence running westerly from said beginning point and running in the extension of the said stone wall marking the southerly line of said Frenchtown Road, thirty-three and no one hundredths (33.-00) feet to an angle in the road;

"Thence turning an interior angle of 158° —33'—30" and running westerly in the southerly line of the said road one hundred sixty-seven and no one hundredths (167.00) feet to a point in the northerly face of another stone wall * * *."

In 1975, the Andersons retained Richard E. Danielson, a surveyor, for the purpose of ascertaining "the status of Bates Trail" and placing granite posts at the northerly points of their property. Danielson testified that he first viewed the property in early January 1975. At that time, using a survey prepared by Raymond Schwab, a surveyor hired by the Siiros prior to the sale of the property, Danielson prepared a "plan of the land." It showed the northern boundary of the Anderson property as a line extending from the stone walls at the northwestern and northeastern corners of the parcel. At the same time, Danielson researched the town records and deeds involving the property in question, as far back as 1814, to determine whether there had been any formal dedication or declaration of Bates Trail as a public highway. He found no records so indicating and thus concluded that Bates Trail was a public highway "by prescription." [3]

On January 23, 1975, Danielson submitted a report to the Andersons summarizing his findings regarding the width of Bates Trail and the boundary line of the Anderson property. The report concluded that since there were no references to physical boundaries in any of the deeds researched and no actual visible physical boundaries such as stone walls or fence lines, the road line should be established allowing a "reasonable width of 50 feet" for Bates Trail. Danielson testified that Mr. Anderson rejected the suggestion contained in the January 23 report. Thereafter, Danielson submitted a drawing proposing a boundary line for the Anderson property along the southerly line of the traveled portion of Bates Trail. He then performed a field survey and placed granite markers to mark the boundary line that he had established. Danielson prepared a legal description of the property that was then incorporated into a corrective quitclaim deed executed by the Siiros for the Andersons on April 25, 1975. [4]

The plaintiffs contended at trial that, absent a recorded highway plan or other public record showing the dedication of a public highway by private landowners or a declaration of public use by the East Greenwich Town Council, Bates Trail is a common-law highway by prescription. As such, plaintiffs maintained, its width is limited to its present traveled width, and their property boundary extends to the edge of the traveled portion of the road.

The town's position at trial was that Bates Trail was a duly created public highway that had been set out as one of the

---

3. The parties also stipulated that a title examiner retained by plaintiffs had searched the town records and prior deeds for a highway plat or some other document that would establish the width of Bates Trail and found no such document or description.

4. The quitclaim purportedly increased the acreage of the Anderson property from 2 acres to 2.13 acres.

original roads in the town of East Greenwich. The town maintained, however, that even if Bates Trail was a public highway by prescription, its width was not limited to the traveled portion but instead extended to the line marked by the stone walls at the northwestern and northeastern edges of the Anderson property.[5]

The plaintiffs argue on appeal that this case is unreviewable because the trial justice failed to find the facts specially and to state his conclusions of law separately in accordance with the requirements of Rule 41(b)(2) and Rule 52(a) of the Superior Court Rules of Civil Procedure.[6] In the alternative, plaintiffs claim that the trial court overlooked and misconceived material evidence, applied the wrong law, and was clearly in error in granting the town's motion to dismiss. We disagree and affirm the ruling of the trial justice.

■ This court has set clear standards to be followed by a trial justice sitting without a jury passing on a Rule 41(b)(2) motion to dismiss. *See Town of Charlestown v. Beattie,* R.I., 422 A.2d 1250 (1980). The trial justice sits as a trier of fact and law. He or she "weighs and considers the evidence, passes upon the credibility of the witnesses, and engages in the inferential process." *Emerson Radio of New England, Inc. v. DeMambro,* 112 R.I. 300, 305, 308 A.2d 834, 838 (1973); *William T. Young, Inc. v. Simpson,* 111 R.I. 12, 298 A.2d 526 (1973). If the trial justice is convinced at the close of plaintiff's case that the plaintiff has failed to sustain the burden of proof required by law, he or she is empowered under Rule 41(b)(2) to grant the motion to dismiss. *Town of Charlestown v. Beattie,* R.I., 422 A.2d at 1251; *Emerson Radio of New Eng-*

*land, Inc. v. DeMambro,* 112 R.I. at 305, 308 A.2d at 838.

■ When reviewing the decision of a trial justice granting a motion to dismiss under Rule 41(b)(2), our duty is also clearly defined. We must determine whether the findings of the trial justice are supported by the evidence or whether he or she misconceived or overlooked any material evidence in making such findings. We must also determine whether, having made supportable findings, the trial justice applied the correct rule of law. *Town of Charlestown v. Beattie,* R.I., 422 A.2d 1250 (1980); *Fryzel v. Domestic Credit Corp.,* 120 R.I. 92, 98, 385 A.2d 663, 666 (1978).

■ The plaintiffs contend that this case is not reviewable because the trial justice failed to comply with the provisions of Rule 41(b)(2) and Rule 52(a) which require the trial justice to make specific findings of fact and conclusions of law when granting a motion to dismiss. We agree that "[n]oncompliance with these rules entails the risk of reversal or remand unless the record discloses sufficient facts to allow us to understand the basis for the trial justice's decision." *Fryzel v. Domestic Credit Corp.,* 120 R.I. at 97, 385 A.2d at 666. However, we have also held that in order to comply with these rules the trial justice need not engage in extensive analysis and discussion of all the evidence. Even brief findings and conclusions are sufficient if they address and resolve the controlling and essential factual issues in the case. *Eagle Electric Co. v. Raymond Construction Co.,* R.I., 420 A.2d 60, 64 (1980); *J.W.A. Realty, Inc. v. City of Cranston,* R.I., 399 A.2d 479, 485 (1979). We shall not "insist upon strict compliance with the rule's requirements if a

---

**5.** The testimony and exhibits introduced at trial indicate that there is part of a stone wall located in the northwest corner of the Anderson property approximately forty-seven feet from the traveled edge of Bates Trail. There is an abrupt drop between the wall and the present road. This wall is approximately 140 feet long and extends to the west, running parallel to Bates Trail. There is another piece of stone wall at the northeast corner of the property,

extending to the east. In the Schwab survey cited previously, a line was drawn between the two remnants of wall, marking the supposed boundary of plaintiffs' property.

**6.** Rule 52(a) provides in part: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon * * *."

full understanding of the issues may be reached without the aid of separate findings." *Eagle Electric Co. v. Raymond Construction Co.*, R.I., 420 A.2d 64.

In the case before us, the findings of fact in the trial justice's oral decision, although brief and narrative, address the controlling issue presented to the court. The sole issue in the case was the precise location of the boundary of plaintiff's property in relation to Bates Trail. The plaintiffs attempted to prove that their land bounded the edge of the traveled portion of the road. The trial justice found that the plaintiffs failed to sustain their burden of proof. He found that the remnants of the stone walls that extend from plaintiffs' property in an easterly and westerly direction parallel to Bates Trail mark the border of the public highway. He inferred that a stone wall once extended across plaintiffs' property to mark the boundary and found that this inference was supported by the existence of a steep grade between the part of the wall on plaintiff's land and the edge of the traveled way.

The trial court specifically based its conclusions on the Schwab survey, an independent preexisting land plan introduced into evidence, which plaintiffs' surveyor had admittedly relied upon in drawing his initial plan of the land. The trial justice also specifically rejected the opinions of Mr. Danielson, plaintiffs' surveyor, with regard to the boundary of the property. He stated that he believed Danielson had drawn the boundaries and had placed the markers at the edge of the traveled portion of Bates Trail simply at the behest of his client, Mr. Anderson.

We think the trial justice fulfilled the minimum requirements of Rule 52(a). Furthermore, there is evidence in the record to support his conclusions. He did not overlook or misconceive any material evidence, nor was he clearly wrong in his factfinding.

The plaintiffs also contend that the trial justice applied the wrong law in granting the town's motion. Again, we must disagree.

The parties here agreed that Bates Trail was a public highway. The plaintiffs maintained, however, that it was never dedicated to the public use but rather was a public highway by prescription and that as such, its width was limited to the traveled portion. The trial justice apparently was not convinced that Bates Trail was not dedicated to the public use at some time in the past. The cases that he cites in his decision involve highways that were found to be dedicated to the public use and therefore could not be limited in their width to the traveled portion.[7] We agree with plaintiffs that these particular cases are not directly on point. However, we nevertheless believe that the trial justice applied the correct principles of law in this case, even if one assumes that this road is a public highway by prescription.

The trial justice stated in his decision that once a roadway is used by the public for the requisite period, it becomes a public highway and the entire portion is dedicated to the public use. He concluded that stone walls parallel to the traveled portion are an indication and acknowledgement by the abutting landowners of the edges of the public way. He further concluded that even if that entire portion has not been used by the public, it cannot be abandoned by nonuser and that the width of a public highway cannot be limited to its traveled portion when there are signs that the width has otherwise been established.

Although there are no Rhode Island state court decisions which directly address these propositions in the context of a highway by prescription, we find the caselaw on this

---

7.   The trial justice refers to *Corrente v. Town of Coventry*, 112 R.I. 102, 308 A.2d 350 (1973), and *Horgan v. Town Council of Jamestown*, 32 R.I. 528, 80 A. 271 (1911). The court in *Corrente* held that a highway could not be presumed to be dedicated to the public use unless it had been used by the public continuously and uninterruptedly for twenty years. *Horgan* stands for the proposition that once a highway has been dedicated to the public by certain acts of the owner, the right of way is not lost by nonuser.

point from other courts to be persuasive. In *Hull v. Richmond,* 12 F.Cas. 864 (C.C.D. R.I.1846) (No. 6,861), the federal circuit court sitting in Rhode Island held that for purposes of a town's responsibility for upkeep and repairs, the width of a road acquired for the public by prescription is not limited to the traveled way. Such width "must be governed by the fences, if near, or if not, the usual distance on road sides in this section of the country; or in other words, the open space on each side of the travelled path which is usually allowed in this state." *Id.* at 866.

There is a persuasive line of cases directly on point in New Hampshire. In *Hoban v. Bucklin,* 88 N.H. 73, 184 A. 362 (1936), a case involving a boundary dispute, the court held that a highway established by prescription is not, as a matter of law, restricted in width to the track of actual travel. In fact, the court said, boundaries of fence or wall erected as permanent structures, either on one or on both sides of the road, are

> "more probably than not intended to mark the line separating highway use from private occupancy and possession * * *. As physical barriers such structures, especially stone walls apparently designed as permanent boundaries, normally denote separation and distinction of use, and are notice of the line to which use is made." *Id.* at 80, 184 A. at 366.

*See also, Harmon v. Kennett Co.,* 103 N.H. 219, 168 A.2d 482 (1961); *Tuftonboro v. Willard,* 89 N.H. 253, 197 A. 404 (1938).

Finally, we think the cases in Rhode Island, although not directly on point, implicitly support the trial justice's legal conclusions. *See Gill v. Town Council of Jamestown,* 47 R.I. 425, 133 A. 806 (1926) (court held that remnants of stone wall "clearly defined" southerly boundary of road that had been dedicated in 1709 and was surveyed by town in 1923); *Horgan v. Town Council of Jamestown,* 32 R.I. 528, 80 A. 271 (1911) (once a highway is dedicated to the public by certain acts of the owner, the right of way cannot be lost by nonuser).

Accordingly, we hold that the trial justice made no errors in his findings of fact or his conclusions of law. He correctly granted the town's motion to dismiss under Rule 41(b)(2). Therefore, the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.