DECISION
The Town of North Kingstown (plaintiff) brought this action for declaratory relief and to quiet title to a parcel of land on the northern end of Steamboat Avenue. The Town alleges the Avenue extends all the way to Narragansett Bay and as a result, seeks to prohibit Michael Pellegrino and Lynn Pellegrino (defendants) from continuing to occupy and use this northern section of the Avenue, which is adjacent to their home, as more than users of a right of way. Defendants claim to have ownership of the disputed strip of land. This court sitting without a jury held a hearing on the merits on September 27, 1996. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
Facts and Travel
On or about July 13, 1896, the North Kingstown Town Council (Council) ordered that a public road, named Steamboat Avenue (Avenue), be created. This Avenue was to run from Beach Street in the village of Wickford in a northerly direction to Narragansett Bay. A final decree describing the Avenue and meeting the above specifications was filed with the town clerk on November 30, 1896, and was placed in the land evidence records at book 41, page 466. Some 86 years later, on August 24, 1982, Coastal Resources Management Council (CRMC), pursuant to its statutory authority, held a hearing regarding the Avenue. Upon the conclusion of the hearing, CRMC refused to recognize the northern 100-foot section of the Avenue that is currently in dispute as a public right of way. The defendants later purchased this 100-foot section of property by quit claim deed on February 3, 1986. Upon purchasing the property, defendants installed an asphalt driveway, a chain link fence, a stone pillared gate, lights and undertook landscaping of the property.
The Town alleges that these improvements have been made on property that is an undeveloped continuation of the Avenue and seeks to have defendants' private use of the land prohibited. The defendants argue that the town's failure to appeal the 1982 CRMC finding that the right of way did not run to the water prevents the Town from seeking a court order making a contrary finding. Alternatively defendants allege that plaintiff has abandoned the right of way by its failure to use or maintain the property. Lastly, defendants assert that the Town should be equitably estopped from ejecting defendants because the Town has not used or maintained the property as an extension of the Avenue.
This court is satisfied from the evidence that as of 1898, the Avenue was in existence and that it ran from Beach Avenue to Narragansett Bay. This finding is supported by Exhibit G, a North Kingstown Town Council order of July 13, 1896; Exhibit H, North Kingstown Council order of October 12, 1896; Exhibit I, North Kingstown Town Council order of December 14, 1896; Exhibit J, Steamboat Ave. map Platt 155 at book 41, 466; Exhibit K, Polar Plat map dated dates March 1922; Exhibit L, North Kingstown Tax Assessor's map 91 dated October 13, 1993.
The defendants' arguments that the Town is collaterally estopped from claiming that a right of way exists because the CRMC declared that one did not exist are incorrect. Plaintiff seeks with this action to quiet title to the land in issue. General Laws 1956 § 8-2-14 grants the Superior Court and not CRMC with original jurisdiction in all such actions at law where title to land is in dispute. The CRMC's jurisdiction, as defined by statute, does not include the power to effect title to land; therefore, its decision did not affect the title of the land in question but merely refused to recognize the continuation of the Avenue right of way to the Bay given the statutory burden of proof placed upon it. Sartor v. Coastal Resources ManagementCommission, 542 A.2d 1077 (R.I. 1988). Thus the issue of who owns the land is still very much at issue and is considered previously undecided.
A threshold issue is whether or not the Town, which as of 1898 owned the Avenue all the way to the water, has abandoned the northerly 100-square-foot section of the Avenue closest to the water. A right of way once established is not abandoned by mere nonuse. Anderson v. Town of East Greenwich, 460 A.2d 420, 424-425 (R.I. 1983) and Horgan v. Town Council of Jamestown, 32 R.I. 528,80 A. 271 (1911), Rather, the traditional law of abandonment has required that the intent of the party involved must be found to have been a desire to abandon certain rights, and that the party take some overt action to abandon the property. O'Reilly v. Townof Glocester, 621 A.2d 697 (R.I. 1993). More specifically, where a Town wishes to abandon a highway, it must follow a proscribed and set procedure for doing so. Rhode Island General Laws §24-6-1 provides that whenever a town council decides that a highway in a Town is no longer of use and should be abandoned, it has to serve notice to abutting land owners of the proposed abandonment, and then title to that land reverts to abutting landowners. After abandoning the highway, the Town must also post a sign at the location alerting the public to the abandonment and publish notice in a local paper of general distribution.
The proceedings before this Court were devoid of any evidence that an abandonment has occurred. On the contrary, plaintiff has submitted a copy of a North Kingstown Town Council resolution dated April 10, 1995, in which the town council voted to deny the defendants' petition to abandon the piece of property in question. Furthermore, while defendants in their memorandum discuss the "chain of title" to the abutting lots in question that are now owned by defendants, the maps dated and recorded in the land evidence records all show the street extending to the water, and no evidence has been presented by defendants to show any intention or actions taken by the Town to change the status of that piece of property. Obviously, because the law of abandonment requires the Town to have the intent and to take actions which constitute abandonment, the mere existence of deeds transferring the property between private parties, none of whom trace their ownership back to the Town, cannot be deemed probative or competent evidence of the Town's abandonment.
Because defendants have failed to prove that plaintiff abandoned the property in question, they can only be successful in defending their ownership rights in the 100-foot section of land, if the town can be estopped from asserting its own superior ownership rights in the land. The burden of proving the defense of estoppel is on defendants because they are raising the defense. Therefore, the defendants must prove that estoppel applies in the current situation. Lichtenstein v. Parness, 81 RI 135, 99 A.2d 3, 5 (1953). While the doctrine of equitable estoppel has been applied to municipal authorities, this has only occurred in situations where "justice would so require."Greenwich Bay Yacht v. Brown, 537 A.2d 988 (R.I. 1988); Schiavulliv. School Comm. of N. Providence, 114 R.I. 443, 334 A.2d 416
(1975). Estoppel requires
 "an affirmative representation or equivalent conduct on the part of the person against whom the estoppel is claimed which is directed to another for the purpose of inducing the other to act or fail to act in reliance thereon; and secondly, that such representation or conduct in fact did induce the other to act or fail to act to his injury."
Lichtenstein v. Parness, 81 R.I. at 138, 99 A.2d at 5. Thus, in determining whether or not to apply this doctrine the Court must examine all of the circumstances in the case. Ferrelli v. Employ.Sec. Dept., 106 R.I. 588, 261 A.2d 906 (1970). Upon examining the facts of the current situation, this Court is not, as it must be, satisfied that there was some positive action on the part of the Town which induced defendants to act to their detriment. Id. See
also, Spouting Rock Beach v. Garcia, 104 R.I. 451, 244 A.2d 871
(1968).
Defendants, citing treatises and case law from other jurisdictions, argue that the Town's failure to use or develop the property is a sufficient basis for this Court to estop the Town from challenging defendants ownership. However, Rhode Island case law cited above requires that affirmative actions be taken by a town before estoppel can be applied to it. Furthermore, Rhode Island case law demonstrates that Towns have been allowed to expand the width of streets to include area previously dedicated as highways but undeveloped and unused as such. See,Anderson v. Town of East Greenwich, 460 A.2d 420, 425 (R.I. 1983). Additionally, it would be absurd for this Court to hold that while mere nonuse of a road does not constitute abandonment which thereby divests the Town of its ownership rights, the same nonuse will prevent the Town from enforcing their ownership rights in the property.
For all these reasons, this Court finds that Steamboat Avenue Continues, as it did upon its creation, all the way to Narragansett Bay. As a result of this finding and defendants' failure to meet the burden of proving facts sufficient to justify the application of the estoppel doctrine, it is hereby ordered that the Town has full ownership rights in the 100-square-foot section of property in issue. Thus defendants are hereby ordered to cease their use of this property to the exclusion of others based on any claims of ownership, and further that any and all impediments erected by defendants which interfere with the public ownership or use of this land be removed.
Counsel shall prepare and submit an appropriate order.