HERBERT J. HEFFERNAN *vs.* ZONING BOARD OF REVIEW OF CITY OF CRANSTON.

JUNE 8, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.    This is a petition for a writ of *certiorari* filed in reliance upon the provisions of Section 2, Chapter 430, Pub. Laws, January Session 1923, passed in addition to Chapter 57, Gen. Laws 1923.    The petitioner seeks a review of the decision of the respondent board rendered upon his application asking for a certain variance

in the Zoning Ordinance of Cranston. The writ has been issued and the respondent board has made return of certified copies of the papers and records relating to said application of the petitioner.

It appears that the petitioner is the owner of a parcel of land consisting of a number of platted lots on the northwest corner of Warwick and Ferncrest avenues in Cranston. Under the provisions of the Zoning Ordinance of Cranston all of said lots are included in an apartment house district. Upon one of these lots is a small frame building in which the petitioner conducts a grocery shop. That building, containing the grocery shop, was upon the land at the time of the adoption of the Zoning Ordinance. The petitioner now desires to demolish the frame building, and upon the lot on which it is situated and on other land of the petitioner, to erect a larger brick building which shall contain four stores. He proposes to occupy one of these stores for the continuance of his grocery business and to rent the other three stores. In furtherance of that plan the petitioner prior to December 27, 1926, applied to the inspector of buildings of Cranston for a permit to build said brick building upon two of the petitioner's lots. This application was denied by the inspector on the ground that the land of the petitioner was part of an apartment house district wherein, under the terms of the Zoning Ordinance, buildings designed for business purposes may not be erected. From this refusal of the inspector, the petitioner did not appeal but, abandoning any claim of right to so build, filed on December 27, 1926, an original application to the Zoning Board of Review asking for a variance in the application of the provision of the ordinance, whereby he might be permitted to build the store building in question. After hearing, the petitioner's application was denied by the Zoning Board. Thereafter the petitioner, prior to May 2, 1927, again made application to the inspector of buildings of Cranston for a permit to build a brick store building upon the lot on which the frame building is located and two other lots of petitioner.

The sole difference between this application and the former one is that in the former he sought to build the proposed store building upon two lots while in this application he sets out his intention of building on three lots. Upon refusal of the inspector to grant the application, the petitioner again abandoned any claim of right to build said building and again, in an original application filed May 2, 1927, applied to the board to exercise its discretion under the ordinance and permit the erection of the building as an exception to or variance of the provisions of the Zoning Ordinance. His application to the board having been refused he now files this petition for a writ of *certiorari* to review and to quash the decision of the Zoning Board upon his later application to that body.

At the hearing before us in review of the action of the board the petitioner misconceived the issue brought to this court upon his petition for writ of *certiorari*. First, he erroneously in his brief and in his argument referred to the matter before the board as an appeal from the decision of the inspector of buildings of Cranston. The record establishes that such was not the case. The proceeding before the board was an original petition in which the petitioner sought a variance in the application of the terms of the Zoning Ordinance, thus petitioning for a favorable exercise of the discretion of the board under the powers granted to it by Section 24 of the ordinance. Again, the ground of the petitioner's contention before us that the decision of the board should be quashed, in substance is, that the enabling act of the General Assembly under which the Cranston Zoning Ordinance was passed was unconstitutional insofar as it permitted the establishment of an apartment house zone in which the petitioner should be barred from the erection of a store building on his land, a part of which land is now occupied by his frame building and grocery shop. He urges that such an interference with, or restriction upon, the free use of his land amounts to a taking of that land for

public purposes without just compensation to its owner in violation of the constitution.

The petitioner characterizes as an unworthy technicality the objection that such constitutional consideration was not pertinent to the issues before the board, or to the matter brought to this court for review, and seeks to brush the objection aside as inconsequential.

An approval of the petitioner's position would bring confusion and uncertainty into our appellate practice in review of the decisions of the Zoning Boards of the several cities and towns. The provisions of the enabling act of the General Assembly, in reliance upon which said Zoning Ordinances have been adopted, indicate a logical and orderly method of review before this court by means of the statutory writ of *certiorari* provided for by the act. An application to a building inspector for permission to build is based upon the applicant's claim of a legal right to erect a proposed building upon his land. Such claim of right may be based upon the terms of the ordinance or claimed under the constitution in disregard of the provisions of the ordinance. If the landowner's application is denied he may then appeal; and his appeal carries his claim of right before the Zoning Board of Review. If the decision of that board is adverse, the landowner may obtain a review of that decision in the Supreme Court upon writ of *certiorari* and may there urge whatever claim of right he may desire to make, constitutional or otherwise. If, however, as in this case the landowner, without claim of right and solely in reliance upon the Zoning Ordinance, applies directly to the Board of Review to authorize a special exception to or variance of the regulations established by the ordinance an entirely different issue is presented before the board. Then after an adverse decision the statutory writ of *certiorari* issued by this court brings here for review the somewhat narrow question which was before the board; and in such case we will consider solely the propriety of the action of the board upon the application addressed to its discretion.

We will now consider the decision of the board as certified to us in the return upon the writ of *certiorari*. It is as follows: "The present application filed May 2, 1927, is identical as to property involved and relief claimed with an application filed by the same applicant on December 31, 1926. The earlier application was disposed of by a resolution of the board permitting the applicant to withdraw, the board being of opinion that it had no jurisdiction to grant the relief prayed. The application under consideration suggests no additional reason for granting the relief prayed. Hence upon motion duly made and seconded and with all the members of the board present and voting it is unanimously resolved that the applicant be given the right to withdraw his application and failing so to do on or before September 20, 1927, that his application be and the same hereby is denied as of the last mentioned date." From this decision it appears that the board refused to take action upon the petitioner's application for the reason that in its opinion it was without jurisdiction in the premises. We find nothing in the record which indicates the grounds upon which this conclusion was based. By Section 24 of the ordinance the board may authorize a large number of special exceptions to the zoning regulations, and by the last paragraph of the section the board is given the following broad powers in the circumstances therein named: "Upon application in a specific case, the Board of Review may authorize such variance in the application of the terms of this ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of this ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." It appears that at the hearing before the board the petitioner sought to bring his application within the provisions of the paragraph quoted by showing that business zones had been established on Warwick avenue in both directions from his land, and a comparatively short distance away, that by reason of the

character of the buildings between his land and said business zones it would not be contrary to public interest if the variance was authorized which he sought, and that refusal would cause unnecessary hardship to him. Furthermore, in said Section 24, the special exception marked (1) permitted the board to authorize the location of a "store for retail trade" "in any part of an 8000 square feet area district." Nothing has been put in the record which establishes the area district in which the petitioner's land is located. If it is in an 8000 square feet area district then clearly the board in its discretion might grant the petitioner's application; if, however, "an 8000 square feet area district" is a dwelling house district as distinguished from an apartment house district, which our previous examination of Zoning Ordinances leads us to conjecture then the petitioner with reason might, in connection with the last paragraph of Section 24 quoted above, urge the hardship to him that he may not under the terms of the ordinance apply for an exception which would authorize the location of a "store for retail trade" upon his land, while under the provisions of the ordinance such exception might be granted to a landowner in a much more restricted district, i. e., a dwelling house district.

From our examination of the ordinance we are of the opinion that under the provisions of Section 24 the Zoning Board was in error in holding that it did not have jurisdiction to determine the petitioner's application for a variance of the provisions of the ordinance, in a care which the petitioner claimed was one of unnecessary hardship to him.

It is ordered that the decision of the Zoning Board be reversed. Said board ought forthwith to take jurisdiction of the application of the petitioner, award to him a hearing in conformity with the provisions of the ordinance and make decision upon the merits of his application. It is ordered that a copy of this opinion be transmitted to said board.

*Edward M. Sullivan, John J. Sullivan*, for petitioner.
*Daniel P. Macdonald*, for respondent.