ESTHER AJOOTIAN *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

JUNE 11, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a petition for certiorari to review the decision of the respondent board denying the petitioner's applications for permits to erect billboards on her land. Pursuant to the writ the pertinent records have been certified to this court.

The petitioner is the owner of three lots of land situated on the easterly side of Manton avenue in the city of Providence. Prior to the passage of chapter 544 of the zoning ordinance of the city of Providence, approved September 21, 1951, these three lots were zoned for business under which the erection of billboards was permitted. However, the district in which the lots were situated was later rezoned to an R-2 two-family zone, in which billboards are not a permitted use.

The petitioner filed three applications with the inspector of buildings for permits to erect billboards on said lots. Each application was denied on the ground that the inspector did not have the authority as a matter of law to grant such permits under the provisions of the applicable ordinance.

Thereafter petitioner appealed to the board from the decision of the inspector of buildings. As grounds for such

appeal she claims among other things that the zoning ordinance in question is illegal and unconstitutional as applied to her lots because it deprives her of all beneficial use of the land. In her reasons of appeal she urged that the applications for the permits should be considered and acted upon under the provisions of the zoning ordinance which were in effect prior to September 21, 1951.

At the hearing before the respondent board petitioner here took the same position relative to her applications as she had taken with the inspector of buildings. She stated that they were based on a claim of right under the constitution in disregard of the provisions of the ordinance in question, which she claimed was invalid as applied to her lots. The petitioner also introduced evidence purporting to prove that due to the rock, ledge, grade and extreme slope of the lots it was impractical to make any beneficial use thereof for dwelling houses and that the only practical use would be to erect billboards or small stores thereon.

The inspector of buildings testified that in checking the zoning maps of the city he found that these lots were located in a residential R-2 zone; that the zone in which billboards are permitted is classified under the zoning ordinance, chap. 544, in a C-4 heavy commercial zone; and that therefore he refused to issue these permits because the lots are now in an R-2 zone. He also testified that he had no discretionary powers in this case and that his duties are governed by the provisions of the pertinent ordinance.

Following the hearing the board denied and dismissed the appeal on the ground that the inspector of buildings has no authority under the law to issue permits for billboards in residence zones.

Thereafter petitioner filed the instant petition for a writ of certiorari under the provisions of general laws 1938, chap. 342, §8. In substance she is asking this court to declare chap. 544 of the zoning ordinance, as approved September 21, 1951, illegal and unconstitutional as applied to her three

lots on the grounds that said ordinance is in violation of the Rhode Island constitution, article I, sec. 16, and article XIV, section 1, of amendments to the United States constitution. She further prays that the decision of the respondent board be reversed and that her appeal from the decision of the inspector of buildings be sustained.

The procedure taken by the applicant in the instant case is not the one generally followed by a landowner who desires to use her land for a use other than that permitted by a zoning ordinance. In the usual case an applicant files a petition addressed to a zoning board of review asking for an exception or a variance under the provisions of either the state enabling act or the pertinent zoning ordinance. However, the applicant intentionally filed applications for building permits, addressed in the first instance to the inspector of buildings. She based such applications on a claim of legal right to use her land in accordance with rights guaranteed to her by the constitution, both state and federal. It is petitioner's claim that, in so far as her three lots are concerned, the zoning ordinance in question is invalid.

Although she has briefed and argued three main points, her principal contention is in substance that the board erred in deciding that it did not have the authority under the law to pass upon the constitutionality of the pertinent zoning ordinance. The petitioner takes the position that both the building inspector and the board have the authority to pass on the validity of a zoning ordinance and that they erred in applying the ordinance without passing thereon. In view of the foregoing contentions, she now urges this court to pass upon the validity of the ordinance as applied to her three lots.

In support of this position petitioner relies on certain language of this court appearing in the case of *Heffernan* v. *Zoning Board of Review*, 49 R. I. 283, 286. However, a reading of that case shows that the language referred to was purely dicta and not necessary or related to the ulti-

mate decision therein. In the *Heffernan* case the court was reviewing the decision of the zoning board denying an application of the petitioner therein for an exception to or variance of the provisions of the pertinent zoning ordinance. In other words the petitioner made no claim of right. On the contrary he filed an original application addressed to the zoning board requesting it to exercise its discretion under the provisions of the ordinance. The facts and issues in the *Heffernan* case are substantially different from those in the instant case. Therefore the dicta in that case is not persuasive.

On the other hand the board contends that even if it erred in its decision it had no power to pass upon the constitutionality of the ordinance in question, and that "petitioner failed to sustain her burden of establishing beyond a reasonable doubt that the zoning of the lots in question was an unconstitutional act." The board also contends that, if it was in error in holding that it lacked jurisdiction to overrule the decision of the inspector of buildings, this case should be remanded to the zoning board of review for further hearing so that it could pass on the merits of the case.

After a careful examination of the record it is our opinion that the board misconceived the extent of its power. It assumed that the only issue before it was the correctness of the decision of the inspector of buildings. This assumption was not correct. His authority is limited by the provisions of art. VIII, secs. 81 and 83 of the zoning ordinance. Because of the restrictions imposed upon him by such provisions, he has no authority to issue a building permit for any use which is in conflict with the provisions of the zoning ordinance.

However, while it is true that the power of the inspector of buildings is restricted to an enforcement of the zoning ordinance as enacted, it is equally true that both the state enabling act and the zoning ordinance confer much broader

powers on the zoning board of review. It is well established that zoning laws expressly provide for relief in those cases where an unnecessary hardship would be imposed upon the owner of land if by reason of its location or other facts the land may not be used for the purposes for which it is zoned.

Therefore in the instant case it is our judgment that by virtue of the power conferred upon it by the provisions of the state enabling act, G. L. 1938, chap. 342, §8, the respondent board has the authority to hear and decide the appeals from the building inspector's denial of the applications in question. Having acquired jurisdiction of the case by such appeals, the board has the power to exercise its authority in conformity with the provisions of the zoning ordinance. Under §8 this includes the power to reverse or affirm wholly or partly or to modify the decision appealed from, and the board is also empowered by the same section to make such determination as ought to be made and to that end shall have all the powers of the officer from whom the appeal was taken.

Accordingly, in view of the power vested in it as aforesaid, we are of the opinion that the board has jurisdiction to treat the case as an application for a variance even though petitioner, in the first instance, applied for a building permit. A reading of the record convinces us that due to a misconception of its power, the board did not permit a complete hearing on the real issues raised by the appeal. Therefore, the case should be sent back to the board so that it may determine, in the exercise of its discretion, whether the circumstances in this case are such that the enforcement of the ordinance will deprive petitioner of all beneficial use of her land and result in a complete confiscation thereof without compensation.

In view of what we have herein stated, we do not believe that the constitutional questions raised by the petitioner

are properly before us at this time. See *Lamothe* v. *Zoning Board of Review*, 81 R. I. 96, 100.

The petition for certiorari is granted, the record of the decision of the respondent board is quashed, and the papers certified to this court are ordered sent back to the board with direction to take further proceedings in accordance with this opinion.

*George Ajootian,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Ass't City Solicitor, for respondent.