261 A.2d 280.

ARC-LAN CO., INC. *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE.

JANUARY 23, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This application for a permit to erect a building to be used as a restaurant on two lots located on Smith Street at the intersection of Wellesley Avenue in the town of North Providence was denied by the building inspector of that town. The applicant then prosecuted an appeal from the decision of the building inspector to the zoning board of review pursuant to the provisions of G. L. 1956, §45-24-16, seeking a review of the building inspector's decision as provided for in §45-24-19 (a). The zoning board of review subsequently, on March 11, 1969, denied and dismissed this appeal. The applicant is now in this court prosecuting its appeal from the decision of the zoning board by filing a petition for certiorari. The writ issued, and pursuant thereto the records have been certified to this court.

It appears from the record that on August 1, 1967, the town council amended the zoning classification of the two lots in question, namely, lots 26 and 27 on assessor's plat 8, changing the classification from General Residence to Limited Business, the latter being one in which a restaurant is a permitted use. The town council, however, went further and, in amending the ordinance and the classification of lots 26 and 27, included therein five limiting conditions on the use thereof. One of the conditions was "That the two lots rezoned will be used for the construction of an office building."

The petitioner does not challenge the authority of the town council to amend the zoning ordinance and thereby to reclassify lots 26 and 27. What petitioner is arguing is that the town council was without authority under the enabling act to restrict the use of land classified for Limited Business uses by limiting the use thereof to the erection and operation of an office building. It contends further

that the board of review has jurisdiction to hold that the imposition of these limitations was an invalid exercise of the amendatory power by the town council and to reverse the decision of the building inspector and order the permit issued.

It is well settled in this state that building inspectors are without authority to do anything in the course of issuing permits for the erection of structures other than to determine that the proposed construction conforms precisely to the terms of the pertinent provisions of the zoning ordinance. *Ajootian* v. *Zoning Board of Review*, 85 R. I. 441, 132 A.2d 836. The petitioner does not appear to quarrel with this view but questions whether the action of the town council in imposing such a condition upon the use of lots 26 and 27 was in excess of the amendatory power conferred upon the town council by the provisions of §45-24-5. The power to enact zoning ordinances and to amend such ordinances is vested exclusively in the city and town councils. *Cianciarulo* v. *Tarro,* 92 R. I. 352, 168 A.2d 719.

In short, petitioner contends that the board of review erred in failing to overrule and reverse the decision of the building inspector on the ground that the town council was without authority to impose such conditions in an exercise of the amendatory power conferred upon it by §45-24-5. We see no merit in this argument. We said in *Matteson* v. *Zoning Board of Review,* 79 R. I. 121, 123, 84 A.2d 611, 612, that "The board is bound by the plain provisions of the ordinance and any attempt to amend it is clearly beyond the powers expressly delegated to the board. Any such change can be brought about only by the body authorized to enact and amend the ordinance, namely, the city council of Warwick." *Cf. Tavares* v. *Zoning Board of Review,* 103 R. I. 186, 235 A.2d 883. Without passing on the question of whether the town council acted within its conferred authority in imposing the pertinent limitation on lots 26 and

27, we hold that a zoning board of review may not, either directly or indirectly, act so as to, in effect, amend the provisions of a zoning ordinance and that it is without authority to nullify the pertinent provisions of the instant ordinance. The board, therefore, did not err in dismissing petitioner's appeal from the decision of the building inspector.

It is true that in a similar but distinguishable case we recognized that a zoning board of review may, in an exercise of its power to grant a variance to the terms of the ordinance as provided in §45-24-19, pass upon the question of whether an ordinance, as amended, when applied literally, deprives the landowner of all beneficial use of his land and, therefore, entitles him to a variance. *Ajootian* v. *Zoning Board of Review, supra.* This is not to hold that a board of review has any authority to amend an ordinance. It simply recognizes that a board of review, in an exercise of its power to grant variances in appropriate cases, may do so on an appeal from a decision of the building inspector. In *Reynolds* v. *Zoning Board of Review,* 96 R. I. 340, 343, 191 A.2d 350, 353, we held that it was the intent of the legislature in providing for a zoning board's review of decisions by administrative officers related to zoning "* * * to vest in such boards a jurisdiction sufficiently broad to accomplish its obvious purpose of subjecting to review the decisions of administrative officers in zoning matters." We further recognized in *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533, that, in enacting §45-24-19, the legislature contemplated that any question as to the right of a landowner to an exception or variance would be brought before a board of review primarily by way of appeal from the decision of an administrative officer, and that this presumption is valid, although the practice has otherwise developed.

The rule as stated in these cases, however, is without pertinence to our consideration of the instant case, the question as to the petitioner's right to an exception or variance

not having been raised on the record. Here the only questions brought up on the record are whether the town council acted in excess of its authority in limiting the use that could be made of lots 26 and 27 and whether the board erred in refusing to nullify the conditions that had been imposed upon lots 26 and 27 by the town council. It is, therefore, obvious that this is not an appropriate case for an application of the rule stated in *Ajootian, supra.*

The petition for certiorari is denied and dismissed, the decision of the board is affirmed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Domenic Tudino, John D. Archetto,* for petitioner.

*Robert S. Ciresi,* Town Solicitor, for respondent.