DECISION
This appeal is before the court on the petition of the Town of Cumberland, by and through its Solicitor, Thomas E. Heffner ("Solicitor" or "Plaintiff") against the Cumberland Zoning Board of Review and its individual members (together "the Board") as well as Paul C. and Lillian Houle (together "the Houles"). The Houles are the owners of the subject parcel of land located at 4396 Diamond Hill Road, also known as Lot 3 on Assessor's Plat 46. The record indicates that the majority of the lot is zoned Residential — AA, while a minority is zoned Agricultural B and Business A. The instant appeal is of a decision by the Board which granted an appeal of the Houles thereby vacating the cease and desist order issued by the Town of Cumberland Building/Zoning official, Roger Pierce ("Pierce"). The appeal is filed pursuant to R.I.G.L. §§ 45-24-62 and 45-24-69.
On or about March 17, 1993 a building permit was issued to the Houles by the predecessor of Pierce, Al Bruno ("Bruno") to erect a restaurant on the subject lot. The Houles commenced site work and ordered the necessary materials. According to the testimony of the Houles, they have expended in the area of forty-seven thousand dollars ($47,000) on supplies and improvements to the lot prior to receiving the July 16, 1993 letter from Pierce advising them that their building permit was being revoked as the majority of the lot was zoned residential and the proposed business is in violation of the Town's Zoning ordinance (July revocation).
Prior to the July revocation, Pierce had attempted to revoke the Houles' building permit citing improper zoning, failure to fall within the category of non-conforming use, failure to obtain approval of the Town's Design Review Commission, and violation of the State Building Code (June revocation). The Houles appealed the June revocation to the State Building Code Appeals Board which held that the building permit was not contrary to the State Building Code. Consequently, the July revocation was based solely upon the violation of the Town's Zoning ordinance in that the permit allowed a restaurant in a residential zone.
The Houles, represented by counsel, filed a timely appeal of the July revocation. On August 11, 1993, after an advertised hearing, the Board rendered a decision in favor of the Houles. In their decision the Board found that (1) the building permit originally issued by Bruno was issued in violation of the Town's Zoning ordinance; (2) the permit as issued allowed for a commercial use on a residential lot; and (3) the Houles relied on the building permit in expending time and funds into the planned restaurant. The Board also found and determined, based upon the evidence presented, that although the lot had previously been used for storage and a residential garage, and presently contains a "shop" foundation, all being nonconforming uses of the lot as presently zoned, the requested use does not constitute the expansion of a nonconforming use and therefore cannot be allowed as such.
Nonetheless, the Board granted the Houles a variance based solely upon the Houles' reliance on the building permit, even though unlawful when it was issued by Bruno. A Board member expressed that someone had to take responsibility for issuing the permit.[1]
The Solicitor appealed the Board's finding arguing that the decision must be vacated and/or remanded based upon two errors of law: (1) the insufficient notice of the Board's action and (2) that the issuance of the permit was void ab initio and therefore the Board has no authority to uphold such a building permit in the nature of a variance.
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981).
The Solicitor first argues that the notice given by the Board regarding the appeal by the Houles of the July revocation of their building permit was inadequate in that it gave absolutely no notice of the true purpose of the August hearing in which the Board granted the Houles a variance and that it failed to inform the reader of the authority granted to the Board with regard to an appeal of this nature. The adequacy and sufficiency of notice to the pendency of a board action is a requirement of due process in zoning matters and compliance is a jurisdictional prerequisite. Zeilstra v. Barrington Zoning Board of Review,417 A.2d 303, 307 (R.I. 1980) (internal citations omitted). To be sufficient, the notice sent must be "reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of therelief sought and of the particular property to be affected."Id. (emphasis added).
The notice sent by the Board concerning the July revocation became improper in the instant case, when the Board, sua sponte considered and granted the Houles a variance. Although § 45-24-66
requires only that the "zoning board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties of interest . . .," § 45-24-41, specifically applicable to variances, requires that the notice inform the reader that a variance is to be considered. The notice sent by the Board stated:
 Paul C. Houle and Lillian B. Houle, 32 Old Reservoir Road, Cumberland, R.I., has petitioned this Board for an Appeal to the Cumberland Zoning Ordinance For: an alleged error in enforcement of the Zoning Ordinance on land presently designated as Residential — AA described as being Lot number Three (3) on Cumberland Assessor's Plat numbered Forty six (46) at Diamond Hill Road in said Town of Cumberland.
 Said petition will be considered at a Public Hearing of said Zoning Board of Review at the Town Hall, 45 Broad Street, Cumberland, R.I., on Wednesday, August 11, 1993, at 8:00 o'clock p.m. at which time and place all persons interested may be heard.
Although notice was mailed pursuant to statute, this court finds that the vague language of the notice was inadequate and patently unfair in that it deprived abutters of sufficient and requisite information in order to make an intelligent decision on whether to attend the appeal hearing. Even though the notice and the hearing dealt with the same subject matter, lot 3 on Assessor's Plat 46, that does not grant the Board unlimited power to act as it did with regard to the property. The notice does not apprise an interested party of the character of relief sought nor of the pendency of the action by the Board as required. The court finds that the decision of the Board was in violation of both statutory and ordinance provisions and made in excess of the authority granted to the Board.
The Solicitor next argues that the building permit as issued is void ab initio. The Board recognized that the building permit was unlawful when issued as it was in violation of the Town's Zoning ordinance. A building inspector has no authority to issue a permit for a use not authorized by the zoning ordinance. Townof Charlestown v. Beattie, 422 A.2d 1250, 1252 (R.I. 1980). Consequently, the Board did not uphold the permit. Rather, the Board took the appeal before it and based upon the power it believed was conferred upon it by the provisions of the state enabling act, changed the appeal hearing into a hearing on a variance. Pursuant to the act the Board has the power to "reverse or affirm wholly or partly or to modify the decision appealed from, and the board is also empowered by the same section to make such determination as ought to be made." Ajootian v. ZoningBoard of Review of Providence, 85 R.I. 441, 446, 132 A.2d 836
(1957). A Board also has jurisdiction to treat an appeal of the denial of a building permit as an application for a variance even though the petitioner had only applied for a building permit.Id. The Court in Arc-Lan Co. v. Zoning Board of NorthProvidence, 106 R.I. 474, 477, 261 A.2d 280 (1970) found that "a board of review, in an exercise of its power to grant variances in appropriate cases, may do so on appeal from a decision of the building inspector." Yet, neither Ajootian nor Arc-Lan
discuss the issue of proper notice in regard to the Board's authority to grant a variance when considering an appeal involving a permit which had been illegally issued. Even assuming arguendo that the notice of the meeting at which the Board decided to grant a variance did comply with the statute, the granting of the variance to the Houles is not based upon competent evidence.
In order to grant a variance the Board must find that the ordinance deprives the landowner of all beneficial use of his land. The evidence presented must demonstrate that (1) the hardship is due to the unique characteristics of the subject land, (2) the hardship is not the result of the landowner and is not motivated by a desire to realize greater financial gain, (3) the granting of the variance will not alter or impair the area or intent of the zoning ordinance and (4) that the relief to be granted is the least relief necessary. R.I.G.L. § 45-24-41(c). The Houles have the burden of proof.
The record is devoid of the Houles presenting any such evidence. Furthermore, the record indicates that the Board failed to make any requisite findings for granting a variance. Since the Board did not have before it any evidence that the petitioners would be deprived of all beneficial use of the lot, the decision to grant the variance was clearly erroneous.
What the Houles do however assert, is that they have expended and incurred substantial expenses based upon their good-faith reliance on the apparent validly issued building permit and therefore, equitable considerations prohibit the permit's revocation. In making this argument, the Houles rely on Shalveyv. Zoning Board of Review of Warwick, 99 R.I. 692, 210 A.2d 589
(1965) as well as Tantimonaco v. Zoning Board of Review of theTown of Johnston, 102 R.I. 594, 218 A.2d 480 (1966). BothShalvey and Tantimonaco concern permits, which were valid when applied for but due to subsequent modifications in the local ordinance became unlawful when issued, unlike the instant matter wherein the building permit issued to the Houles was unlawful when applied for and when it was issued.
In Almeida v. Zoning Board of Review of the Town ofTiverton, 606 A.2d 1318 (R.I. 1992) the Court upheld a Board's revocation of an unlawful permit which had allowed a second kitchen in the basement of plaintiff's single family residence. In Almeida the Court stated that "a municipal officer will not be estopped from nullifying such [an unlawful] permit even though the permittee has acted pursuant to the permit." Id. at 1321. Thus the Almeida Court concluded that the Board was correct in revoking that portion of the plaintiff's permit that was in direct violation of the law. Id. Although the plaintiff inAlmeida argued that she relied on the inspector's verbal statements as well as the permit allowing the second kitchen, the record does not contain probative evidence of such reliance. In the instant matter, the Houles argue that they have relied on their building permit by investing over $47,000 in the proposed restaurant.
In order to uphold the building permit on the basis of reliance, the Houles must demonstrate that they in good faith incurred "substantial obligations" in reliance on the permit.See Elmcrest Realty Co., Inc. v. Zoning Board of Review of theCity of Warwick, 78 R.I. 432, 436, 82 A.2d 846 (1951). InShalvey the Court stated that a permit may be revoked if only preparatory actions were taken in reliance thereon. The Shalvey
Court held that to immunize a permit it must be found that the permit holders "acting in reliance thereon in good faith, initiate construction in some reasonably substantial measure or incur some reasonably substantial obligation promoting such construction." Shalvey at 699. Although evidence has been presented to the Board that the Houles have expended $47,000 in reliance on their permit, the record is devoid of evidence as to the total budget for the project or the amount of construction which has taken place, if at all. Having expended $47,000 without further evidence of record does not constitute the requisite substantial evidence.
After a review of the entire record, this court finds that as a result of the lack of adequate notice and the lack of competent evidence to support its granting of the variance, the decision of the Board is vacated and the matter remanded for a new hearing in accordance with this decision.
Counsel for the town shall prepare an order for entry consistent with this decision.
[1]
Mrs. McMichael: But who should pay for the major error?
Mr. Bernard: Well, I'm a business person; and, if I expended $47,000, I'd be out of my mind, and I'd be tearing the walls down in Town Hall. If I invested that kind of money and ran into this type of situation, you wouldn't be able to hold me down. I'm serious. As far as the permit is concerned, okay, as far as the permit is concerned, this is a major error and one, as far as I'm concerned, the Town has to swallow. In essence, what we'd be doing was re-zoning one individual piece of property, nonconforming, but re-zoning nonetheless.
Mr. Kirby: We're not allowed to. This Board doesn't re-zone. It would be the granting of a variance.