DECISION
Before the Court is an appeal by R.V.S. Associates, Inc. and North-East Sales, Inc. from a decision of the City of Providence Zoning Board of Review that affirmed a decision of the Building Inspector and denied the owner's application for a building permit for an adult video and book store. Appellants argue on appeal that their application was substantially complete before passage of the current ordinance that bars their proposed use of the property such that the Building Inspector should have applied the prior ordinance, permitted their proposed use and granted them a building permit. As this Court concludes that the substantial evidence of record supports a contrary conclusion, the Board's decision is affirmed.
 Facts/Travel
On August 19, 1999, the Providence City Council first read and passed Ordinance No. 520 to amend the Providence Zoning Ordinance to expand the restrictions on using property for adult entertainment. It required that such uses be located "more than five hundred (500) feet from any residential, religious service, educational institution, park, recreation or open space, and [l]ibrary uses. . . ," and that new adult entertainment uses be located "not less than two thousand (2,000) feet from an existing adult entertainment use." See Exhibit D. The proposed ordinance further required that a variance from these requirements be considered a use variance. By its terms, the proposed ordinance was to take effect upon passage.
On August 26, 1999, appellant R.V.S. Associates, Inc. (the "applicant") submitted to the Director of Inspections and Standards of the City of Providence (the "Building Inspector") a building permit application, including a building plan, for the conversion of a building located at 345 Charles Street (Assessor's Plat 100, Lot 32) (the "Property") into an adult book and video store. On September 2, 1999, the Providence City Council finally read and passed[1] Ordinance No. 520 (the "Amended Ordinance").[2] Its language mirrored that of the proposed ordinance that the City Council first read and passed on August 19, 1999 except that it carried an effective date of September 13, 1999. Between submission of the application on August 29, 1999 and the effective date of the Amended Ordinance, neither the Building Inspector nor any staff person from his office issued written notice to the applicant that its application and related submissions were in compliance with the Ordinance. It was not until November 1999 that appellant R.V.S. Associates, Inc. submitted a second building plan to the State Fire Marshal to secure his required approval for the proposed renovation work, as required under R.I. Gen. Laws § 23-28.2-4 (3). The State Fire Marshall approved that plan on November 23, 1999.
On December 3, 1999, the Building Inspector, Ramzi Loqa, sent a letter to the applicant denying its request for a building permit. He found that the proposed conversion of the building into an adult video and book store was not permitted under the Amended Ordinance because, inter alia the Property is located within 500 feet of a residence and 2000 feet of another adult entertainment establishment. He ruled that the owner must seek a use variance from the Zoning Board of Review ("Board").
Appellants, R.V.S. Associates, Inc. and North-East Sales, Inc., timely appealed the Building Inspector's decision to the Board, arguing that in rejecting the building permit application, he improperly applied the Amended Ordinance prior to its effective date. They asserted that the applicant had a vested right to have its application considered under the prior version of the Ordinance in effect as of the date it first filed its application.
The Board found that the Amended Ordinance applied because the application, when filed, was not "substantially complete" as is required by both the vesting statute and the Providence Code of Ordinances. See R.I. Gen. Laws § 45-24-44; Providence Code of Ordinances § 1108. It determined that at the time the Amended Ordinance went into effect, the application still was not "substantially complete." On March 9, 2000, the Board voted to uphold the Building [inspector's decision and passed a resolution detailing its findings that was filed, in written form, on May 26, 2000. Appellants timely filed the instant appeal from the Board's decision.
Appellants argue before this Court that the Board exceeded its authority in affirming the Building Inspector's decision and that the Board's decision was not supported by the evidence of record. With regard to the adequacy of their application, appellants argue that the Amended Ordinance that applied to their permit went into effect on September 13, 1999, over two weeks after they filed their first application. Appellants assert that their application was "made and accepted by the Department of Inspection and Standards. . . . As such, the building permit application was complete or substantially complete." (Plaintiffs Memorandum at 4.)
The Board counters that it has the same powers as the Building Inspector and that it appropriately affirmed his decision because the applicant's permit application was not substantially complete as required by law prior to the effective date of the Amended Ordinance. It argues that the applicant's hasty submission of the first application was an attempt at an "end run" around the passage of the Amended Ordinance. Specifically, the Board contends that the applicant saw that this proposed ordinance was successful through the first passage stage, realized that if the proposed ordinance were enacted it would prohibit its proposed use of the property, and quickly submitted a building permit proposal before final passage of the Amended Ordinance to try to avoid its application.
 Standard of Review
In reviewing this appeal, this Court is cognizant of the standard of review applicable to the Superior Court's review of zoning board decisions and also the standard of review applicable to a zoning board's review of a decision of a building inspector. Section 45-24-69 (D) of the Rhode Island General Laws, which governs zoning board appeals, provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"The essential function of the Zoning Board is to weigh the evidence presented at the hearing, and it has the discretion to either accept or reject any or all of the evidence." Bellevue Shopping Ctr. Assoc. v. Chase.574 A.2d 760, 764 (R.I. 1990). This Court cannot substitute its judgment for that of the Board, but must uphold a decision supported by substantial evidence contained in the record. Mendonsa v. Corey 495 A.2d 257 (R.I. 1985). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla, but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co.. Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 824-825 (R.I. 1978)).
In reviewing an application for a building permit, a building inspector has the power to grant or deny the application depending upon whether the proposed building is in compliance with or in violation of the zoning ordinance. A building inspector applies to the application those provisions of the zoning ordinance in effect at the time he or she reviews the completed application. "When presented with petitioner's application for a building permit, the inspector ha[s] no authority whatsoever "other than to determine that the proposed construction conforms precisely to the terms of the pertinent provisions of the zoning ordinance.'" Zeilstra v. Barrington Zoning Bd. of Rev. 417 A.2d 303, 308 (R.I. 1980) (quoting Arc-Lan Co. v. Zoning Bd. of Rev, of North Providence, 106 R.I. 474, 476,261 A.2d 280, 282 (1970)). A building inspector has no authority to issue a permit for a use that has not vested and is not permitted by the ordinance. "Where there is little or no compliance with the requirements of the application or with respect to filing proper and complete plans and specifications. . . , the application is fatally defective, and the building inspector should not issue a permit and cannot be compelled to do so." Rathkopf, The Law of Zoning and Planning § 49.03, p. 13.
In reviewing a decision of a building inspector, the Board may "reverse or affirm wholly or partly and may modify the order, requirement, decision, or determination appealed from and may make any orders, requirements, decisions, or determinations that ought to be made, and to that end has the powers of the officer from whom the appeal was taken." R.I. Gen. Laws § 45-24-68 (emphasis added.) Contrary to the arguments advanced by the appellants in this appeal, this statute grants the Board broad authority not only to review the entire record connected with a building inspector's decision, but also to receive evidence and make determinations that it finds are appropriate according to all of the evidence before it. In essence, this statute creates the opportunity for appellants to have a hearing de novo before the Board after an adverse decision by a building inspector.
 Analysis of the Board's Decision
The appellants here seek to use the Property for an adult video and book store. The parties agree that the Providence Zoning Ordinance permitted that proposed use of the Property before September 13, 1999, but prohibited it thereafter, absent a use variance, as a result of the passage of the Amended Ordinance. As the applicant filed its building permit application on August 26, 1999 (days before the effective date of the Amended Ordinance), but the Building Inspector did not deny it until December 3, 1999 (after passage of the Amended Ordinance), the question of whether the applicant's proposed use of the Property is lawful tums on a determination of whether that application was substantially complete before the effective date of the Amended Ordinance. In addressing this question, this Court must begin by defining the legal contours of the term "substantial completeness" and then determine whether the record reveals substantial evidence to support the Board's determination that the application and plans at issue were not substantially complete before the Amended Ordinance took effect.
By statute, Rhode Island law dictates that a zoning application that is substantially complete and has been submitted for approval to the appropriate reviewing authority shall be reviewed under the provisions of the applicable zoning ordinance in force at the time the application was submitted. R.I. Gen. Laws § 45-24-44 (a), (c). This statute creates vested rights in an applicant to have its zoning application considered under the ordinance in effect at the time of submission of the application, as long as the application is substantially complete before any change in the ordinance. Id. The statute does not define the term "substantially complete," but instead leaves it to "[zoning ordinances or other land development ordinances or regulations [to] specify the minimum requirements for a development application to be substantially complete" for vesting purposes. Id. § 45-24-44 (b).
The Providence Code of Ordinances § 1108 provides that an "application is substantially complete if the application has been filed with the appropriate agency and the staff or review officer has determined, in writing, that the application form, plot plan, fee and other required submissions are in compliance with the Ordinance and such agencies' respective rules and regulations." Pursuant to § 1108, therefore, an application for a building permit cannot be deemed to be substantially complete unless two separate criteria are satisfied: (1) the application must be filed with the building inspector; and (2) the building inspector must issue a written determination that the application and all other items required to be submitted with it are in compliance with the Ordinance and any applicable rules and regulations. An applicant acts at its peril, therefore, if it files an application but does not secure the requisite written determination of compliance before a change in any ordinance governing that application. The purpose of requiring an applicant to secure that written notice of compliance to achieve vesting is to avoid just this type of time-consuming and costly litigation over whether an application, in its unreviewed form, is substantially complete.
It is undisputed in this case that the applicant filed its application with the Building Inspector before final passage of the Amended Ordinance. The applicant thus satisfied the first criterion necessary for it to show that it had a vested right to have its application reviewed under the Ordinance in effect at the time of filing.
There is no evidence, however, that the Building Inspector determined, in writing, prior to the effective date of the Amended Ordinance, that the application and plan attached to it were in compliance with the Ordinance and any applicable rules and regulations in effect at the time of submission of the application. Indeed, the Building Inspector issued no written determination of any kind regarding the application until he denied the application in December 1999. There likewise is no evidence that the applicant ever sought such a written determination from the Building Inspector. While the Building Inspector received that application and apparently did not reject it until three months thereafter, there is no support either in the record or the law for appellants' argument that mere receipt without rejection of an application is proof that the application was substantially complete under the Ordinance then in effect. Absent a written determination by the Building Inspector that the application was in compliance with the Ordinance at the time of filing, this Court finds, as a matter of law, that the application does not meet the second criterion required by the Ordinance for vesting and thus cannot be considered to have been substantially complete before the effective date of the Amended Ordinance. On that basis alone, therefore, the Board was correct in upholding the Building Inspector's decision to deny the building permit.
Moreover, even assuming. arguendo that the absence of the statutorily required written determination by the Building Inspector is not dispositive of the issue of substantial completeness, the question then becomes whether the record evidence supports the Board's determination that the application was not substantially complete before passage of the Amended Ordinance. In this context, an application and plan may be found to lack substantial completeness if they contain deficiencies that are material to administrative review of the application and plan.[3] A review of the record shows that there is substantial evidence to support the Board's decision in this regard.
In particular, there is evidence to support the Board's finding that the applicant submitted its application at the eleventh hour during the process of the City Council's Ordinance change. In this regard, both parties agree that the applicant waited to file its application and plan with the Building Inspector until one week after the City Council first read and passed the proposed Amended Ordinance, even though the applicant had owned the Property for a year and had appeared with respect to it before the Board of Licenses and the Department of Business Regulation. At the time of filing, therefore, it reasonably can be inferred that the applicant knew that its proposed use of the Property would be barred upon the imminent final passage of the Amended Ordinance. The timing of its submission suggests a hasty attempt on the part of the applicant to try to secure zoning approval or vesting before the anticipated change in the Ordinance.
While the quick filing of an application during a brief window of opportunity does not necessarily equate with an incomplete application, the Board had additional evidence before it as to the material deficiencies in the application and plan that existed as of the time of its quick submission. The evidence suggests that the original plan was deficient in the following respects: (1) it provided for the construction of video booths on the premises, but failed to show what they would look like or where they would be placed; (2) it failed to denote the materials the applicant intended to use to construct the video booths; (3) it lacked a door schedule; (4) it indicated that the building had a second floor, but failed to detail any layout for the second floor; (5) it denoted a change in the use of the current building, but contained no information about what kind of energy would be used in the building in connection with the new use; (6) it displayed a handicapped parking space that was obstructed by a stair entrance; and (7) it was devoid of any information as to the structural condition of the building. (See Hearing Tr. at 6.) Many of these deficiencies raised fire protection issues and potential violations of the State Fire Safety Code. See R.I. Gen. Laws § 23-28.1-7. The absence of detail as to all proposed construction barred issuance of a building permit. See Providence Code of Ordinances §§ 802, 802.1. It thus would have been fair for the Board to conclude that these missing items were not minor or inconsequential, but material and necessary to any review by the Fire Marshal and ultimately the Building Inspector of the applicant's proposed renovation work and change in use. Indeed, it could be argued that the deficiencies in the plan submitted barred issuance of a building permit as a matter of law.
Moreover, the record reveals that the applicant submitted a more detailed revised plan in November 1999 — after the effective date of the Amended Ordinance — to secure the Fire Marshal's approval of its proposed renovation work. That approval was not fortheoming until November 23, 1999. The Board reasonably could have viewed this later submission of a revised plan as evidence that the applicant's original application and plan were materially deficient and not substantially complete (in that they lacked information necessary for that approval) and that the applicant acknowledged that deficiency by submitting the revised plan.
Significantly, the applicant presented no evidence to the Board to contradict evidence of material deficiencies in its original application and plan. At the hearing before the Board, it refused to concede that the application and plan were incomplete at the time of submission, but failed to offer any evidence of completeness. It did not argue that the deficiencies noted in the original plan were immaterial. The applicant chose instead to contend that the arguments presented to the Board on behalf of the Building Inspector were a post hoc rationalization of that official's erroneous decision to premise denial of the building permit application on its lack of completeness. Yet the only evidence the applicant referenced to support that theory was the absence of any reference to lack of completeness in the Building Inspector's letter of denial. The absence of such language is simply too slender a reed on which to premise this speculative theory.
Mindful of the lack of record evidence to support its theory, the applicant contends that it was not prepared to address the issue of substantial completeness before the Board because it received no notice in the Building Inspector's letter that the absence of substantial completeness was the basis of his denial of its application. It thus argues that it was denied a full and fair opportunity to be heard before the Board on this issue.
The only way for the applicant to have prevailed before the Board, however, was for it to have established that it had a vested right to have its application considered under the Ordinance in effect at the time it filed its application. The hearing before the Board was in essence a de novo proceeding where the core action of the Building Inspector that was at issue was his denial of the application, rather than the basis of that denial. It necessarily follows, therefore, that on appeal to the Board from the Building Inspector's adverse decision, the applicant had the burden to prove that its application was substantially complete at the time of filing. Absent such proof, it would have no vested right to have its application considered under the prior Ordinance and it could not establish that the Building Inspector erred in denying the application by applying the Amended Ordinance to it.
It is thus disingenuous for the applicant to argue that it did not anticipate that the Board hearing would focus on the issue of substantial completeness. Based on the law applicable to its appeal, that was the paramount issue before the Board. Our Supreme Court has ruled that a party is not denied a full and fair opportunity to be heard if that party is given a full opportunity to state its position before the zoning board, question witnesses, and present evidence. Curran v. Church Community Housing Corp. 672 A.2d 453, 455 (R.I. 1996). The applicant in this case had the opportunity to present its position at its requested hearing before the Board. The applicant was represented by counsel and presented exhibits and arguments in support of its case and in opposition to the case presented on behalf of the Building Inspector. At no time did the Board limit or prevent the applicant from presenting evidence and argument. If the applicant failed to maximize its opportunity to be heard, the blame for that lies not with the Board but with the applicant itself.
Accordingly, appellants' argument that the applicant was denied a fair opportunity to be heard is without merit. This Court finds that the Board's decision is not only correct as a matter of law, but is supported by the substantial evidence of record. R.I. Gen. Laws § 45-24-69 (D).
 Conclusion
After a review of the entire record, this Court affirms the decision of the Board. This Court finds that the Board's decision is supported by substantial evidence in the record, contains no clearly erroneous findings based on consideration of all of the record evidence, is not in excess of the authority granted to it by statute or ordinance, is not affected by error of law, is not in violation of constitutional, statutory or ordinance provisions or made upon unlawful procedure, is not arbitrary, capricious, or characterized by an abuse of discretion, and does not prejudice substantial rights of the appellants.
Counsel shall confer and submit to the Court forthwith an agreed upon form of order and judgment that is reflective of this decision.
[1] "The Home Rule Charter of the City of Providence sets out the requirements for the origination and passage of ordinances. Section 410 (b) states that, after initial introduction, an ordinance must be read on two separate occasions at least 48 hours apart. The second reading before the second passage must be in full. "No ordinance shall be so amended in its second passage as to change its original purpose." Providence Home Rule Charter § 409. Before the City Council is allowed to take final action on an ordinance, particularly one involving zoning, it must hold a public hearing after adequate and public notice. Subject to the outcome of that hearing, the City Council may finally pass or reject the ordinance.
[2] See Providence Zoning Ordinance, Chapter 1999-30, No. 520, An Ordinance Amending the City of Providence Zoning Ordinance Chapter 1994-24, No. 365, Approved June 27, 1994, As Amended, By Expanding the Requirements of Footnote 2 for Use Code 37.
[3] As defined in Webster's Dictionary the term "substantial" means "material," "important," and "essential;" the term "complete" is defined as "having all parts or elements." (5th ed., 1997).