DECISION
Before this Court is an appeal from a decision by the Narragansett Zoning Board of Review (hereinafter "Board"), to uphold the decision of Anthony Santilli (hereinafter "Santilli" or "Building Official"), issued in his capacity as the Narragansett Building Official. Santilli's November 30, 2000 decision advised Mr. and Mrs. Scott (hereinafter the "Scotts" or "Plaintiffs") that failure to comply with applicable zoning ordinances would result in the revocation of a building permit and denial of a certificate of occupancy at 29 Hills Parkway in Narragansett, Rhode Island (hereinafter "Property"). The Plaintiffs are the owners of said Property, designated as Lot 79 on Assessor's Plat K. Jurisdiction of this appeal is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
On May 31, 2000, the Scotts applied for a building permit to construct a 14' × 31' second story addition to their Property. Mr. Santilli denied the application because the property "had a previous zoning decision in February of '94"; however, the Zoning Board of Review subsequently issued a building permit in the summer of 2000. (Tr. 1 at 3.)[1]
At that time, the Building Official's office received complaints from abutting property owners alleging that the Scotts had an illegal second living unit at the Property. The Property is located in an R-10 zoning district, where a two-family dwelling is a permitted use provided that the lot is 20,000 square feet; however, the testimony presented demonstrated that the only permitted use of the Scotts' Property was for a single-family dwelling. (Tr. 1 at 8-9.) In response to said complaints, Santilli requested an inspection of the premises in order to insure compliance with the zoning ordinances. Upon viewing the second floor of the dwelling, Santilli observed a bathroom, kitchen and a small refrigerator, as well as a means of ingress and egress leading to a staircase at the exterior of the Property. The Building Official's concern was the existence of an interior locked door separating the second floor from a spiral staircase to the first floor of the dwelling. This locked door provided a second means of egress to a divisible area of the structure thus converting the Property into a two-family dwelling in contravention to applicable zoning. Mr. Santilli instructed Mrs. Scott that if the door was removed or replaced with an unlocked bifold door then he would issue a building permit for the addition, providing the Planning and Zoning Boards approved the application. Allegedly, Mrs. Scott verbally agreed to the removal. (Tr.1 at 3.)
The Scotts' application was approved and Mr. Ward, an Assistant to the Building Official, returned to the residence for a final inspection on November 29, 2000. Upon inspection Mr. Ward observed a locked door, with a "lock sliding mechanism," which segregated the units. (Tr. 2 at 5.)[2] Mr. Scott informed Mr. Ward that he intended to rent the first floor and wanted to lock personal belongings on the second floor. The Building Official stated at the hearing: "[i]t has always been a policy of my office that, you know, you have to have unobstructed access to the house . . . you have to have full access to that house." (Tr. 1 at 4.) Mr. Ousterhout, Secretary of the Board, informed the Scotts that the reasoning behind this policy is that people in Narragansett, who construct homes with a great deal of space and rent out a portion of the home during the summer season, feel that as owners they have the right to come down on a nice weekend and occupy the unrented portion of the house; however, such use is not permitted. (Tr. 1 at 24.)
On November 30, 2000, Mr. Santilli issued a decision which advised the Scotts that as a result of the failed inspection conducted on November 29th, "[t]he door and lock at the top of the spiral staircase must be removed or replaced with a bifold door. Failure to comply with this order will result in the following enforcement action: (1) the revocation of building permit # 494-00, and (2) a certificate of occupancy will not be issued for the improvements." The Scotts appealed said decision to the Board, arguing that the door has a plain doorknob with no lock mechanism, and that such action by the Building Official was "personal harassment."
The Board thereafter affirmed the decision of the Building Official in its March 19, 2001 decision.[3]
 Analysis
This is a case wherein an inspection by the Department of Building Inspection, in connection with the issuance of a certificate of occupancy, resulted in a determination by the Building Official that by reason of a zoning violation, the certificate of occupancy would not issue except upon the property owners' cure of the alleged violation.
The Court agrees that a certificate of occupancy may be denied if, in the opinion of the Building Official, the building fails to comply with applicable zoning ordinances. See § 25.4(a) of the Narragansett Town Ordinances. Although it may have been better practice for the Building Official to cite to the particular provision of the zoning ordinance allegedly violated, and to cite to the facts and circumstances which form the basis of the violation, the nature of the violation is implicit in the procedures that were followed. The Building Official, by letter dated November 30, 2000, advised the Scotts that certain remedial measures must be taken, the failure of which would result in the revocation of a building permit, and the refusal to issue a certificate of occupancy. The property owners appealed to the Zoning Board of Review, which conducted a public hearing on February 15, 2001 and performed a subsequent inspection of the Property. A further hearing was held on March 15, 2001 to hear additional testimony regarding the matter. Thereafter, the Building Official's decision was affirmed. See Decision of the Zoning Board of Review, March 19, 2001.
Rhode Island General Laws, § 45-24-69, governs the standard of review for the appeal of decisions by a zoning board of review to Superior Court. Section 45-24-69(d) provides as follows:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
While the Superior Court is cloaked with such statutory authority, the Court's deferential standard of review is contingent upon sufficient findings of fact made by a zoning board. The Rhode Island Supreme Court has consistently held that a "municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the actions taken." JCM, LLC v. Town of Cumberland Zoning Bd. ofReview, 889 A.2d 169, 176 (R.I. 2005); Kaveny v. Town ofCumberland Zoning Bd. of Review, 875 A.2d 1, 14 (R.I. 2005) (quoting Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001)). "Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible." Bernuth v. Zoning Bd. of Review ofNew Shoreham, 770 A.2d 396, 401 (R.I. 2001) (quoting IrishP'ship, 518 A.2d at 358-59); see also Kaveny,875 A.2d at 16. These requirements must be presented in such a manner that "a judicial body might review a decision with a reasonable understanding of the manner in which evidentiary conflicts have been resolved and the provisions of the zoning ordinance applied." Thorpe v. Zoning Bd. of Review of N. Kingstown,492 A.2d 1236, 1237 (R.I. 1985) (citing May-Day Realty Corp. v. Bd.of Appeals of Pawtucket, 107 R.I. 235, 239, 267 A.2d 400, 403
(1970)).
The record before the Court provides this Court with a "reasonable understanding" of the manner in which this conflict was resolved and the provision of the zoning ordinance violated.See Thorpe, 492 A.2d at 1237. The testimony of Mr. Santilli and Mr. Ward, as well as the explanation by Mr. Ousterhout in support of the Town's policy, provide sufficient information for the Court's review.
In light of the record presented, this Court finds that a "remand for further proceedings" pursuant to § 45-24-69(d) would only promote form over substance and accordingly declines to take such action. See New Harbor Vill., LLC v. New Shoreham ZoningBd. of Review, 894 A.2d 901, *8 (R.I. 2006) (holding that the Court has consistently refused to promote form over substance when considering procedural defects.)
In this instance, the Property had all of the indicia of including a separate living unit; a bathroom, a kitchen and a locked entryway providing privacy from the remaining portions of the house. Under these circumstances, the Court cannot find clear error or abuse of discretion by the Zoning Board of Review in upholding the decision of the Building Official.
The Scotts' argument as to the authority of the Building Official lacks merit. A Building Official may find, in the course of a request to issue a certificate of occupancy, that a zoning violation exists. Section 25.4(a) of the Narragansett Town Ordinances provides in part:
 "No such occupancy, use, or change of use shall take place until the building inspection division has issued a certificate of occupancy. Said certificate shall be deemed to authorize both initial occupancy and the continued occupancy and use of the building or land to which it applies. It shall state that in the opinion of the building inspection division, the building or proposed use of a building or land complies with all the provisions of this ordinance, and all other applicable ordinances, codes, and regulations, and, if applicable, with all the terms and conditions of any site plan approval, variance, or special use permit." (emphasis added).
While the Board cannot "compel compliance with the provisions of any zoning ordinance . . .",[4] it is authorized to make findings in support of the Building Official's citation of a zoning ordinance violation, and accordingly, his/her refusal to issue a certificate of occupancy. See § 24.5(a) of the Narragansett Town Ordinances.
If, "in the opinion of the building inspection division," a building fails to comply "with all the provisions of this ordinance, and all other applicable ordinances, codes, andregulations," the Building Official is authorized under § 25.4(a) of the Narragansett Town Ordinances to deny issuance of a certificate of occupancy. Accordingly, the Board, pursuant to its statutory authority under § 45-24-68,[5] may make findings relative to said town official's determination. See Johnson Wales College v. DiPrete, 448 A.2d 1271, 1276 (R.I. 1982) (an inspector's duty to issue a necessary permit is regarded as ministerial in nature only after an "inspection reveals that the use or occupancy complies with all requirements imposed by law.") Furthermore, the zoning board of review, acting in its appellate capacity, "has the powers of the officer from whom the appeal was taken." Zeilstra v. Barrington Zoning Bd. of Review,417 A.2d 303, 309 (R.I. 1980) (citing Ajootian v. Zoning Bd. of Review ofProvidence, 85 R.I. 441, 446, 132 A.2d 836, 839 (1957)). Therefore, the Board, cloaked with "the powers of the officer from whom the appeal was taken," may likewise consider the petitioner's intended uses of the Property, and the propriety of the refusal to issue a certificate of occupancy.
Accordingly, this Court does not agree with the appellants' conclusion that the Building Official impermissibly attempted to enforce the zoning ordinances of the Town.
 Conclusion
For the foregoing reasons, this appeal is denied and the decision of the Zoning Board of Review is hereby affirmed.
[1] Narragansett Zoning Bd. of Review, In the Matter of: Roy and Elaine Scott, Transcript of February 15, 2001 (hereinafter "Tr. 1").
[2] Narragansett Zoning Bd. of Review, In the Matter of: Roy and Elaine Scott, Transcript of March 15, 2001 (hereinafter "Tr. 2").
[3] "[T]he public hearing was held on the matter on Thursday, February 15, 2001. On that date the Board took testimony from the appellants and the Building Official. Upon inspection of the property by board member, Joyce Mitchell, and Andrew Steitz of the Community Development Department a decision was rendered at the March 15, 2001 meeting. Upon motion made and duly seconded it is VOTED: To uphold the decision of the Building Official to refuse the issuance of a certificate of occupancy until such time:
 1. That the door that was installed at the top of the spiral staircase is removed.
 2. That the door casing at the top of the spiral staircase be replaced with solid door jams.
 3. That the Town claims the right to make inspections, of the property, for a period of two (2) years at any time unannounced to insure compliance."
[4] § 45-24-62. Administration — Judicial aid in enforcement. The supreme court and the superior court, within their respective jurisdictions, or any justice of either of those courts in vacation, shall, upon due proceedings in the name of the city or town, instituted by its city or town solicitor, have power to issue any extraordinary writ or to proceed according to the course of law or equity or both:
 (1) To restrain the erection, alteration, or use of any building, structure, sign, or land erected, altered, or used in violation of the provisions of any zoning ordinance enacted under the authority of this chapter, and to order its removal or abatement as a nuisance;
 (2) To compel compliance with the provisions of any zoning ordinance enacted under the authority of this chapter;
 (3) To order the removal by the property owner of any building, structure, sign, or improvement existing in violation of any zoning ordinance enacted under the provisions of this chapter and to authorize some official of the city or town, in the default of the removal by the owner, to remove it at the expense of the owner;
 (4) To order the reimbursement for any work or materials done or furnished by or at the cost of the city or town;
 (5) To order restoration by the owner, where practicable; and/or
 (6) To issue fines and other penalties. (emphasis added).
[5] § 45-24-68. Appeals — Decisions and records of zoning board of review.
In exercising its powers the zoning board of review may, in conformity with the provisions of this chapter, reverse or affirm wholly or partly and may modify the order, requirement, decision, or determination appealed from and may make any orders, requirements, decisions, or determinations that ought to be made, and to that end has the powers of the officer from whom theappeal was taken. All decisions and records of the zoning board of review respecting appeals shall conform to the provisions of §45-24-61. (emphasis added).