DECISION
This is an appeal from a decision of the Providence Zoning Board of Review (Board). Gennaro Calcagni and John Murtagh (plaintiffs) seek reversal of the Board's decision of August 2, 1996. In its decision, the Board denied the plaintiffs' request for relief from § 303- Use Code 37 (footnote 2) so as to permit the inclusion of adult entertainment within an Industrial M-1 Zone within two hundred (200') feet of a residential zone (R-3). Jurisdiction in this Court is pursuant to § 45-24-69.
 Facts/Travel
The plaintiff, Gennaro Calcagni, owns real property located at 681 Valley Street in Providence, Rhode Island, specifically referred to as Lot 90 on Assessor's Plat 27 in an Industrial M-1 zone. The plaintiff, John Murtagh, is the applicant in this matter. The lot in question contains approximately 12,942 square feet of land area and is located within two hundred (200') of a residential zone (R-3). The plaintiffs submitted an application to the Board on April 3, 1996 seeking relief from regulations governing adult entertainment located within two hundred (200') feet of a residential zone. § 303-Use, Code 37 (footnote 2).
In a correspondence dated May 17, 1996, the Department of Planning and Development (Department) notified the Board of its determination with respect to the plaintiffs' application. The Department made the following determination: "The Department of Planning offers no objection to this dimensional variance since there are no residences within 200 feet and it is unlikely, given the existing institutional uses, that any residences will ever be located within 200 feet."
On May 20, 1996 at a properly advertised, scheduled hearing on said application, the Board heard testimony and reviewed evidence. John Murtagh, plaintiff, testified that the property in question had been operated as a nightclub since the 1940's and that each nightclub had gone out of business. (Record at 2, 36). Mr. Murtagh stated that he wants to operate a nightclub with an adult entertainment license and that if he did not obtain such a license he would "probably go with strictly the girls with the bikinis." (Record at 5).
Mr. James Sloan, IV, a real estate expert, testified on behalf of the plaintiffs that the property in question is bounded to the north by Valley Street, to the west by Rathbone Street and is one block from Pleasant Valley Parkway. (Record at 8). Attached to the westerly side of the building is a flower shop and further west of the building is an open air market. (Id.) Across the street from the property i approximately 38 acres of land that is zoned R-3, residential, which runs to the Veterans Administration Hospital. (Record at 9). Mr. Sloan testified
 "I find it safe to make the assumption from an appraisal standpoint and from a consultant standpoint, that it is highly unlikely, . . ., that any of that property particularly being owned by the U.S. Government, particularly running to the Veterans Administration Hospital would ever be developed in accordance with the existing zoning classification which is R-3, multi-family residential. Even if it were to have a strong command for this in the area, even if the government was somehow to suddenly make a determination that there should be some sort of housing built there in addition to the hospital, . . ., the existing topography, . . ., would most likely dictate beyond that parcel of consideration that this would never be used for that purpose." (Record at 10, 11).
Mr. Sloan testified that a literal enforcement of the provisions of the ordinance would result in a loss of beneficial use and a hardship which was not self-created. (Record at 12, 14). Later in his testimony, he conceded that "if the license were denied, a beneficial use of the property would remain." (Record at 35). Mr. Sloan explained that the hardship was due to the unique circumstances of the property and not due to the general characteristics of the surrounding area or physical economic disability of the applicant. (Record at 14). Further, Mr. Sloan opined that such a variance would not be contrary to the public interest and that the spirit of the ordinance would be observed if it were granted. (Record at 13). Mr. Sloan stated
 "although the lands are zoned residential and open space, the likelihood of there being any type of development in the future sensitive to the adult entertainment aspect of the request, is very, very small if not negligible." (Record at 13).
Various objectors testified in opposition to the application in addition to submitting letters detailing their opposition. The objections concerned the negative effects that a nightclub featuring adult entertainment may have on the surrounding community.
On June 25, 1996, the Board voted unanimously to deny the plaintiffs' application. (Record at 47). On August 2, 1996, the Board issued a resolution which contained the following findings of fact:
 "1. Based upon the testimony and evidence presented at said hearing, the applicants have not met their burden of proof showing loss of all beneficial use of their property in this M-1 zone that would establish the use variance as set forth at Section 902.3 of the zoning ordinance.
 2. The Board further finds that the Department of Planning and Development has applied the wrong standard of review using a dimensional variance rather than the correct use variance as defined in Section 200.3." Resolution No. 7975.
The Board denied the application.
The plaintiff filed a timely appeal to this Court. The plaintiffs argue that the written decision of the Board was clearly erroneous in view of the evidence of record and that the Board's decision was an abuse of discretion and in violation of the applicable statutes and zoning ordinances.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
 Variance
The plaintiffs, who on their application requested "a proper variance change," contend that they sought and should have been granted a "dimensional variance" and that the Board's application of a use variance was erroneous. The Board argues that the plaintiffs required a use variance and that the proper legal standard was applied and supported by the evidence.
In Bamber v. Zoning Board of Review, our Supreme Court distinguished among a true variance, a deviation and an exception. 591 A.2d 1220. The Court stated as follows:
 "[a] true variance is relief to use land for a use not permitted under the applicable zoning ordinance. Westminster Corp. v. Zoning Board of Review of Providence, 103 R.I. 381, 385-86, 238 A.2d 353, 356-57 (1968). A deviation is relief from restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. Felicio, 557 A.2d at 482; Chase, `Viti Revisited, or, Just What is a Zoning `Deviation'?', 22 Suffolk U.L. Rev. 315, 319-20 (1988). An exception is relief expressly allowed by the applicable zoning ordinance that is similar in nature to a deviation in that it generally pertains to area and setback requirements of a permitted use. Gara Realty, Inc. , 523 A.2d at 858." Id. at 1223.
In the instant case, § 303-Use Code 37 (footnote 2) permits the inclusion of adult entertainment in an Industrial M-1 Zone so long as such uses are located more than two hundred (200') feet from a residential R-3 zone. Plaintiffs' property is located within two hundred (200') feet of a residential zone. Pursuant to said ordinances, adult entertainment is not a permitted use.
 Use Variance
It is well settled that "the granting of a variance is proper only upon a showing that literal adherence to the relevant zoning ordinances would result in unnecessary hardship and that the granting of the variance would not be contrary to the public interest." R.I. Hospital Trust v. East Providence Zoning Board,444 A.2d 862, 864 (R.I. 1982). The court has construed the term "unnecessary hardship" to mean "a deprivation of all beneficial use of one's land." Rhode Island Hospital Trust, at 864. "The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief." § 45-24-41 (D); See also § 902.3 Providence Zoning Ordinance. Rather, unnecessary hardship "exists only when all beneficial use has been lost and the grant of a variance becomes necessary to avoid an indirect confiscation."Id.
The plaintiffs contend that a literal enforcement of the provisions of the ordinance would result in a loss of beneficial use and a hardship which was not self-created. (Record at 13, 14). Plaintiffs presented James Sloan, who explained that the properties abutting the plaintiffs' real estate are highly unlikely to be developed for residential use or for any other use that would be harmful to them if an adult entertainment license were issued. Additionally, Mr. Sloan stated that the nightclub in question, located in a M-1 zone, would ordinarily be granted an adult entertainment license, but for its proximity to the residential zoned real estate. Further, the plaintiffs asserted that the Board failed to consider properly the Department of Planning and Development's determination that the area immediately surrounding the plaintiffs' nightclub would never be used for residential use and that the application should be granted.
The Board's finding that all beneficial use was not lost is supported by the competent evidence of record. The record reflects that the plaintiffs would be able to use the property as a nightclub, as it had been used since the 1940's, if the variance was not granted. John Murtagh testified that if the variance were not granted to allow for adult entertainment, he would operate the club with "the girls with the bikinis." (Record at 2). Mr. Murtagh stated that over the past thirty six (36) years, "[n]ight club after night club have been there and gone out of business" . . . "[i]t wasn't successful." (Record at 36). Mr. Sloan conceded during his testimony that if the variance were denied, beneficial use of the property would remain. (Record at 35). The fact that the plaintiffs may be more successful financially if they are able to operate the property with adult entertainment license is not sufficient to support a grant of said variance. R.I. Hospital Trust, 444 A.2d at 864.
Additionally, plaintiffs assert that they did not have to apply for a true variance, since adult entertainment is permitted in a M-1 zone and residences will not be built in the R-3 zone which is within two hundred (200') feet of the subject property. Plaintiffs contend that the Board overlooked uncontradicted evidence that residences will never be built in the R-3 zone in question. Mr. Sloan testified that in his opinion "it is highly unlikely, . . ., that any of that property, . . . would ever be developed in accordance with the existing zoning classification which is R-3, multifamily residential." (Record at 10, 11). The Department of Planning and Development likewise found it unlikely that any residences would located on the property surrounding the plaintiffs' nightclub.
As it now stands, an R-3 zone is within two hundred (200') feet of the subject property. If the plaintiffs wish to amend the ordinance with respect to the R-3 designation, the plaintiffs should petition the city council to do so. Consolidated RealtyCorporation v. Town Council, 513 A.2d 1 (R.I. 1986). It is well settled that "a zoning board of review may not, either directly or indirectly, act so as to, in effect, amend the provisions of a zoning ordinance." Arc-Lanc v. Zoning Board of Review of Town ofNorth Providence, 106 R.I. 474, 477, 261 A.2d 280 (1970).
With respect to the evidence, the Board considered the opinion of the Department of Planning and Development and the opinion of Mr. Sloan and chose to reject same. (See Resolution No. 7975, Finding of Fact #2; Record at 42 and 43). It is well settled that this Court lacks the authority to consider credibility of witnesses, to weigh evidence, or to make its own findings of fact. Kirby v. Planning Board of Review of Town of Middletown,634 A.2d 285 (1993). As such, this Court is satisfied that the Board's decision was not erroneous.
After review of the entire record, the Court finds that the Board's decision was not in violation of constitutional or statutory provisions, was not in excess of the Board's statutory authority, was not made upon lawful procedure, and was not clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. The Board's actions were not arbitrary or capricious or characterized by an abuse of discretion and not affected by other error of law. Substantial rights of the plaintiffs have not been prejudiced. Accordingly, the plaintiffs appeal is denied, and the decision of the Board is hereby affirmed.
Counsel shall prepare the appropriate judgment for entry.